W. E. WEAVER et al. v. A. F. CHUNN.

*Registration—Deeds in Trust—Mortgages—Purchasers— Domicile.*

1. Deeds in trust and mortgages, conveying personal property, must be registered in the county where the maker resides, except where he is a non-resident, in which case they must be registered in the county where the property, or some part thereof is situate, otherwise they are void as against creditors and purchasers for value.

2. The vendees in a conveyance to secure creditors are purchasers for valuable consideration.

This was a CIVIL ACTION, tried before *Graves, J.,* at March Term, 1887, of BUNCOMBE Superior Court.

The material facts of the case are these: M. W. Robertson was, on and prior to the 3d day of December, 1884, and ever afterwards, indebted to Wallace Bros. in the sum of $1,265.79, due by note of that date, and on that day he executed to the defendant a deed in trust, to secure the payment of the note mentioned, whereby he purported to convey to the defendant, for the purpose mentioned, his certain stock of goods, situate in his storehouse, in the town of Burnsville, in the

County of Yancey. This deed was registered in the last named county on the 21st day of the same month, and afterwards in the County of Buncombe, on the 2d day of February, 1885.

Afterwards, on the 27th day of January, 1885, the said M. W. Robertson, being largely indebted to divers persons, his creditors, in order to secure and provide for the payment of their debts respectively, executed to the plaintiffs his other deed of trust, whereby he conveyed and assigned to them in trust, for the purpose last mentioned, real and personal property, including rights and credits, situate in the County of Buncombe, and also the stock of goods situate in the County of Yancey, embraced in, and which he purported to convey by, the deed of trust first above mentioned, to the defendant. The deed to the plaintiffs was duly proven and registered in the County of Buncombe on the same day it was executed.

This action was brought to recover the property embraced in the deed of trust executed to the defendant. On the trial, M. W. Robertson, who executed the deeds mentioned above, testified that he resided and did business in Weaverville, in the County of Buncombe, from the 20th of October, 1883, until the 27th of January, 1885; that he "had a branch stock of goods in Burnsville," in Yancey County, and did "a general mercantile business" there from 1st June, 1884, until the 27th of January, 1885, when he executed the deed of trust named by plaintiffs.

Among other things, the Court instructed the jury that:

" In deeds in trust for personal property the deed in trust must be registered in the county in which the person making the deed in trust resides, if he be a resident of the State. This makes it necessary to determine where Robertson, the alleged grantor, resided. If he lived at the time the alleged deeds in trust were made in Buncombe County, then Buncombe County was the proper County, and a registration in

Yancey County would not be a legal registration. If Robertson lived in Buncombe County, then the next question to be determined is, which of the deeds in trust was first registered in Buncombe County? This question is material, for deeds in trust have effect as to creditors only from registration. If plaintiffs' deed was first legally registered in Buncombe County, then they would become the legal owners of the property, although the defendant's deed in trust may have been written first, and first recorded in Yancey County."

To this charge the defendant excepted.

There was a verdict and judgment for the plaintiffs, and the defendant appealed.

*Mr. W. W. Jones*, for the plaintiffs.
*Mr. C. A. Moore*, for the defendant.

MERRIMON, J., (after stating the case). All the evidence produced on the trial, bearing upon that point, tended to prove that the maker of both the deeds of trust in question resided in the County of Buncombe, and that he conducted his principal business in that county, while he conducted a branch of it in the County of Yancey. Under appropriate instructions from the Court, the jury found the fact so to be, and it must be so accepted for the purposes of this action.

The statute (*The Code*, § 1254,) provides that, "no deed of trust, or mortgage for real or personal estate, shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such deed of trust, or mortgage, in the county where the land lieth; or in case of *personal estate*, where the donor, bargainor, or mortgagor *resides;* or in case the donor, bargainor, or mortgagor shall reside out of the State, then in the county where the said personal estate or some part of the same is situate; or in

28

cases of choses in action, where the donee, bargainee, or mortgagee resides." Applying this statutory provision to the case before us, we are of opinion that the plaintiffs had title to the property in question and were entiled to recover.

It appears that the bargainor in both the deeds of trust mentioned, at and before the time he executed the same, resided in this State and in the County of Buncombe. The first of the two deeds was executed to the appellant and purported to convey personal estate of the bargainor, situate in the County of Yancey. Under the statute just cited, it could operate at all and be valid "as against creditors and purchasers for a valuable consideration," only from the time of its registration in the County of Buncombe. Its registration in the County of Yancey went for naught and served no purpose, because the bargainor resided in the County of Buncombe, and the deed purported to convey personal estate; to give it the effect intended, registration in the latter county was essential. Before it was registered in the last mentioned county, the bargainor, by his second deed of trust, conveyed the same and other property to the appellees, and this deed was duly registered on the day of its execution in the County of Buncombe. The appellees, as has been decided in like cases, were purchasers for a valuable consideration, and as their deed was registered in the proper county before that of the defendant, they got the title to the property in controversy. *Fleming* v. *Burgin*, 2 Ired. Eq., 584; *Robinson* v. *Willoughby*, 70 N. C., 358; *Todd* v. *Outlaw*, 79 N. C., 235; *Bank* v. *Manufacturing Co.*, 96 N. C., 305.

It was suggested on the argument by the counsel of the appellant that, as the bargainor in the deed of trust to the appellant, conducted a branch of his business in the County of Yancey, he had such a residence there as was sufficient to render a registration of the deed there valid. It may be that a person can have residence in two or more counties in the

State, and that the registration of a deed of trust or mortgage executed by him would be sufficient in any one of the counties where he resided, but we need not decide that this is so, because there was no evidence that the bargainor resided in Yancey County at all; he conducted a branch of his business there, and the evidence went to prove that he prosecuted it through an agent.    The mere fact that he had personal property there did not constitute residence.    The purpose of the statute is to have the deed of trust or mortgage registered in the county where the donor, bargainor, or mortgagor has actual personal residence; and the reason is, that persons interested, to have knowledge in such respect, would go to the county where a person resides to see what disposition he had made of his personal property by deeds and other instruments required to be registered; they would not ordinarily look elsewhere.    The statutory requirement is too plain to be mistaken.

The counsel for the appellant contended, also, that as the latter got actual possession of the property under the deed to him, such possession rendered his title good and effectual. This is a misapprehension.    The deed as against the appellees was absolutely void, and passed no title to the appellant— he had the simple possession · of the property without any right or title thereto as against creditors and purchasers for a valuable consideration—the title did not pass out of the bargainor to the appellant—the former, notwithstanding his deed to the latter, had capacity to convey and did convey the property to the appellees by the deed of trust executed to them.    The statute rendered the deed of trust to the appellant wholly nugatory as to the appellees.

Judgment affirmed.