A. J. P. HARRIS v. W. B. ALDEN and F. C. HOLDEN.

*Mortgage — Registration — Evidence — Homestead — Descriptive Words:*

S., in the year 1884, being then a resident of the county of Wake, executed to the plaintiff a mortgage, conveying certain lands (of (less value than $1,000), and "*all the personal property of every kind of which he was then possessed;*" the deed was only admitted to probate and registered in Wake. Subsequently, the mortgagor removed to the county of Franklin, taking with him the personal property in controversy, a portion of which defendants claimed by virtue of mortgage, executed after the removal to Franklin, and duly recovered therein, and a portion under execution sale in an action to recover the possession. *Held—*

1. That it was not necessary to register the mortgage in Franklin County after mortgagor's removal thereto.

2. That the words "all the personal property," &c., were sufficient to pass the title to the chattels in existence and possession at the time of the conveyance, and that the parol testimony was competent to identify it.

3. That, even if this were a proper case for marshalling assets, that power would not be exercised to the prejudice of the mortgagor's homestead.

This was a CIVIL ACTION for the recovery of a mule and wagon, tried before *Avery, J.,* at the April Term, 1888, of the Superior Court of FRANKLIN County.

The plaintiff claimed under a mortgage executed to him by Robert Strickland and wife, registered in the county of Wake on the 28th day of March, 1884. At the time of the execution and registration, the mortgagor lived in the county of Wake. The mortgage conveyed certain real estate in Wake County, and "all the personal property of every kind of which they are possessed." About two years after the execution of the mortgage, the mortgagors moved to Franklin County, taking with them the property in controversy. The mortgage was never registered in Franklin County, and the mortgage debt has never been paid.

The jury found that the land was worth only $700, and that the homestead had never been laid off. The defendants claimed the wagon and harness under a subsequent mortgage, executed after the removal to Franklin, and duly registered. This property was sold, leaving a balance due, which defendants reduced to judgment. Under this judgment the mule was sold. The property was replevied by the defendants and sold. Defendants bought the mule at the Sheriff's sale; it does not appear who bought the wagon.

Plaintiff Robert Strickland lived near R. C. Mitchell's mill, in Wake County, when the mortgage was made, and moved in Franklin and lived part of the year 1886. Plaintiff proposed to show by the witness that the mule and wagon in controversy constituted a part of Strickland's personal property when the mortgage was made.

Defendants objected. Objection overruled. Excepted by defendants.

The following issues were submitted, viz:

1. Is the plaintiff the owner of the wagon and mule in controversy? Yes.

2. What was the value of the mule and wagon in contro-versy at the time of the seizure? Mule, $125; wagon, $40.

3. What is the value of the land conveyed by Robert Strickland by virtue of the mortgage mentioned in the pleadings to the plaintiff? Seven hundred dollars.

The defendants asked the Court to instruct the jury as follows:

That the plaintiff cannot recover against this defendant, for that—

1. The registration of the mortgage to A. J. P. Harris from Robert Strickland, being only in Wake County, was not sufficient as against execution creditors, of whom this defendant was one.

2. That the description of the personal property attempted to be conveyed is not sufficient as against execution creditors.

3. That plaintiff would be compelled to resort to the singly-charged estate conveyed in the mortgage, before suing this defendant.

4. That a demand of the property, for the value of which this suit is brought, would be necessary before suit would lie against this defendant, the possession of the defendant being rightful.

The Court instructed the jury as follows:

The mortgage deed executed by Strickland to plaintiff conveys all of Strickland's personal property, and if the mule and wagon in controversy constituted, at the time the mortgage was made, a part of such personal property, and the debt secured by said mortgage had not been satisfied when the seizure was made under defendant Allen's execu-tion for the debt due him, then the legal title to the property in controversy was in plaintiff when the action was brought, and the jury should respond to the first issue, Yes.

It is admitted that the debt has not been paid, and that the wagon and mule in controversy were a part of Strick-

land's personal property when he executed the mortgage deed.

The Court gave the foregoing instruction in lieu of the first and second paragraphs of the said prayer for instructions.

The Court reserved the question involved in the instruction asked, and numbered third, until after verdict as to value of the land.

There was no issue asked as to demand, and the defendants, in their answer, set up title to the property in controversy.

The Court refused to give the instruction asked for in the fourth paragraph of said prayer for instruction.

The defendants excepted to the refusal of the Court to give the instruction asked, and to the instruction given in lieu of that asked.

There was no evidence that the land mortgaged was worth over $1,000, but the Court allowed the jury to pass upon the value. Defendant Allen had testified that it was worth $1,000 to $1,200.

There was a verdict upon the issues for plaintiff, and the land was found to be worth only $700.

The land is subject to Strickland's right to homestead, if he has such right. No homestead has as yet been allotted to him.

The defendant Allen insisted that he had a right in equity to compel the plaintiff to sell the land, first, for the payment of the debt, and moved the Court for judgment accordingly.

The Court being of a different opinion, the defendant excepts.

The defendant Allen moved for a new trial on the grounds stated in his three first exceptions. The motion was refused, and the defendant appealed.

*Mr. C. M. Cooke,* for the plaintiff.
*Mr. N. Y. Gully,* for the defendants.

SHEPHERD, J. (after stating the case).

*First Exception.*—For that the Court charged that the plaintiff's mortgage " being only registered in Wake County, was sufficient as against execution creditors, of whom the defendant was one."

*The Code,* § 1254, provides that mortgages upon personal property shall be registered in the county where the mortgagor resides. We know of no law requiring a new registration of mortgages of personal property whenever the mortgagor changes his residence. *Weaver* v. *Chunn,* 99 N. C., 431.

*Second Exception.*—For that parol testimony was admitted to identify the property, " the said mortgage being insufficient as against creditors."

In support of this exception. the defendant relies upon *Atkinson* v. *Graves,* 91 N. C., 99, and *Rountree* v. *Britt,* 94 N. C., 105.

In the first case, there was a mortgage on " one bale of good middling cotton that I may make or cause to be made or grown during this year." *Held,* to be insufficient because " it does not designate and identify the property sought to be conveyed, so it could be separated from other property of like kind raised by the mortgagor." In *Rountree's* case, the mortgage was upon " my entire crop of every description." *Held,* to be insufficient, because the place where the crop was to be raised was not described. It was intimated, however, that parol testimony was competent to fit the description to the property and show the agreement of the parties. Neither case is in point, nor do they conflict, in the slightest degree, with the well settled law that the words " all the personal property of every kind of which (one) is possessed," will pass chattels in existence and possession at the time of the conveyance. Jones Chat. Mort. 65; Herman Chat. Mort., 75.

*Third Exception.*—" That the plaintiff should be compelled to resort to the singly charged estate conveyed in the mortgage, before suing this defendant."

Even if this were a proper case for marshalling, the power would not be exercised to the prejudice of the homestead. " To apply the principle in such a case, would be but an indirect way of subjecting a homestead to the payment of the debts, when the very object of the law is to confer a homestead exemption, superior to all creditors, and ever consecrated, except so far as it may be impaired by the voluntary act of the claimant himself." RUFFIN, J., in *Butler* v. *Stainback*, 87 N. C., 216.

*Fourth Exception.*—This is not insisted upon in this Court.

The defendant objected in this Court to the form of the judgment. No error, in this respect, is assigned in the case upon appeal, and as the judgment rendered is not inconsistent with the record, it will not be disturbed.

Affirmed.