The action was brought by plaintiffs at Fall Term, 1891, of Craven County Superior Court to recover one upright Sterling piano, one Bay State organ, sixteen school desks, all being described in a chattel mortgage from said W. R. Skinner to one W. A. Sadler, dated 7 July, 1891, which mortgage was duly recorded in Book 29, Records of Craven County. The piano was the only property in dispute, Skinner having surrendered his interest in said property to the plaintiffs. At February Term, 1892, W. D. Moses Co., of Richmond, Va., by order of court, were allowed to interplead as to the piano.
It was admitted that W. D. Moses Co. delivered the piano to W. R. Skinner conditionally, the terms being set forth in the paper-writing marked "A," which paper-writing was proven in Craven County and recorded in Jones County, after being passed upon by Clerk of said Jones County; that at the time of executing said paper-writing said W. R. Skinner was a resident of Jones County, and Walter D. Moses *Page 36 Co. were residents of Richmond, Va.; that the witness to said paper-writing, A. Cohn, and upon whose oath the same was probated, (49) is a blind man and cannot see to read; that said paper-writing marked "A" was not, not has it ever been, recorded in Craven County; that soon after the execution of said paper-writing, in September, 1889, the said W. R. Skinner removed from said county of Jones to the county of Craven, and brought with him the piano in question; that in March, 1890, the said W. R. Skinner executed to one W. A. Sadler, then residing in Pamlico County, a mortgage for one hundred and twenty-two dollars on the following property, to wit: one piano and one organ, the said W. R. Skinner then residing in New Bern, County, of Craven, and the said mortgage was recorded in said Craven County, Book 28, page 68; that on 11 July, 1891, the said W. R. Skinner executed to said W. A. Sadler a mortgage for the sum of one hundred and thirty-five dollars in payment of the former mortgage and interest and for indulgence in the payment of the mortgage debt, including in said mortgage, besides the piano and organ, the sixteen desks referred to in this action of claim and delivery, which said mortgage was then recorded in Craven County, the county where the said W. R. Skinner then resided, in which mortgage the said W. R. Skinner covenanted that said property was free and clear of all encumbrances, and in fact there were no liens or encumbrances then on said property recorded in Craven County; that on 13 June, 1891, after maturity of the said note and mortgage the plaintiffs, without notice of any prior lien, after having the records of Craven County examined to ascertain if any lien was on record against said property, purchased the note and mortgage for the full face value, to wit, one hundred and twenty-five dollars, from the said W. A. Sadler, who duly and properly assigned the same to the plaintiffs; that after the said W. R. Skinner had removed from Jones County to Craven County, on 30 October, 1890, he did execute to Walter D. Moses Company fifteen notes of fifteen dollars each in renewal and in lieu (50) of the former notes, all of which had then become due, but no mortgage or lien was executed to the said Walter D. Moses to secure the said new notes by the said W. R. Skinner, nor were the said notes recorded in Craven County or elsewhere, though they purport to be lien notes. It was agreed that the old notes, which were secured by a lease contract or paper-writing (marked "A"), when surrendered were marked "Surrendered for renewal note" across the face.
Exhibit "A" was as follows:
"This agreement, made by and between Walter D. Moses Company, of the first part, and W. R. Skinner, of Polloksville, North Carolina, of the second part, Witnesseth: That the said Walter D. Moses Co. do hereby lease to the said party of the second part a Sterling Up. G. Piano, *Page 37 
stool and cover, style D, No. 6140, and of the value of two hundred and sixty-five dollars, for the sum of fifty dollars in advance and his note payable in six months after date for sixty-six and 67-100 dollars, and his note payable nine months after date for sixty-six and 66-100 dollars, and his note payable in twelve months after date for eighty-four and 16-100 dollars, said cash payment and notes to bear interest at the rate of eight per cent per annum from date of maturity till paid, to be paid for the use thereof, agreeing that when the above-named sum of two hundred and sixty-five dollars shall have been paid to the said Walter D. Moses Co., they will sell and deliver to the said party of the second part the said instrument with a good and effectual bill of sale therefor.
"And said party of the second part hereby agrees to pay the above-named sum in the above-specified manner for the use of said instrument until the aforesaid sum of two hundred and sixty-five dollars shall have been paid in full, and in case of a failure to make said payments or any of them or to fully comply with the terms of this (51) agreement, then the said party of the second part agrees to deliver up said instrument to the said Walter D. Moses Company, or their assignees on their election, without legal process, in as good condition as the same now is, reasonable use and wear thereof excepted. It being agreed and understood by the parties hereto that until the said instrument has been paid for in full as herein provided it is to remain the property of the said Walter D. Moses Co. It is further understood by and between the parties hereto that in the event of a failure to make the payment on the instrument above mentioned and the return of the same to the party of the first part at their option, the said party of the second part agrees to pay rent at the rate of nine dollars per month, also — and insurance for the time during which the said party of the second part has possession of the said instrument. And said party of the second part hereby agrees that the said Walter D. Moses Co. shall keep insured the said instrument at the expense of said party of the second part against loss by fire for the benefit of said Walter D. Moses Co., as their interest may appear; the said instrument not to be removed from his residence, Polloksville, North Carolina, without consent of said Walter D. Moses 
Co., endorsed on this instrument.
"Nothing in this memorandum and any payment of money and rent as provided shall in anywise vest in said party of the second part any title to said instrument or any property therein for any term whatever, or shall prevent or hinder said Walter D. Moses Co. from taking possession of said instrument at any time it may be deemed proper, as herein provided, the party of the second part hereby waiving the benefit *Page 38 
of the homestead exemption as to the obligation secured by this (52) agreement. Dated at Richmond, Va., this 8 June, 1889. In witness whereof we have hereunto subscribed our names.
 "WALTER D. MOSES CO., "W. R. SKINNER.
"Witness: A. COHN."
His Honor, being of the opinion that the paper-writing marked "Exhibit A" did not constitute a conditional sale, adjudged that the interpleaders, the said Walter D. Moses Co., recover of the plaintiffs the possession of the said Upright Sterling piano, and if possession of the same could not be had, that the said Walter D. Moses Co. should recover of the plaintiffs and their sureties the sum of one hundred and fifty dollars and the costs of the action, to be taxed by the Clerk.
From this judgment the plaintiffs appealed.
The terms of the sale of the piano by Moses Co. to the defendant provided for the execution of notes for the installments of rent, and that when all the rent notes were paid title should pass to the said Skinner, title being retained by Moses Co. till such final payment. Such instrument was in truth and in legal effect a conditional sale, and has been so held in Puffer v. Lucas, 112 N.C. 377, which has been cited and approved in Crinkley v. Egerton, 113 N.C. 444, and Clark v. Hill, ante, 11. The registration was properly made in the county of Jones, where the purchaser resided and the property was situated. The Code, sections 1254, 1275. On the removal of the purchaser with the property to Craven County it was not required that the instrument should again be recorded in that county.
(53) The renewal of the notes indicated no intention to relinquish the security afforded by the registration of the agreement that the vendors should retain title. On the contrary, it is expressly stated that the new notes were given "in renewal and in lieu of the former notes," and that when the old notes were surrendered they were marked "Surrendered for renewal note" across the face. There was no novation, and the new notes retained the same security as the old ones. Hyman v. Devereux, 63 N.C. 624. This differs from Smith v. Bynum, 92 N.C. 108, where there was a novation and a distinct relinquishment of the security by taking a new mortgage and note in settlement. The plaintiffs upon their bond for the return of the property to the defendant, if so adjudged, or its value (The Code, 324) were properly adjudged to deliver the same to the interpleaders, Moses Co. (The *Page 39 
Code, secs. 189, 424, subsec. 1), but in the absence of any finding or agreement that the value of the piano was $150, it was error to render judgment for that sum against the plaintiffs and sureties if said piano were not delivered to said interpleaders. The plaintiffs are entitled to have the value of the piano ascertained, and should be adjudged to pay only the value of the same (not exceeding, however, in any event the balance due on the purchase money) if the piano is not delivered. The judgment thus modified is affirmed.
Modified and affirmed.
Cited: Clark v. Hill, ante 12; Grubbs v. Stephenson, post, 72; Mfg. Co.v. Gray, 121 N.C. 170; Wilcox v. Cherry, 123 N.C. 84; Hamilton v.Highlands, 144 N.C. 283; Hicks v. King, 150 N.C. 371.
(54)