W. W. SMOAK ET AL. v. JOHN SOCKWELL.

(Filed 4 May, 1910.)

1. **Mortgagor and Mortgagee—Vendee—Sale of Mortgaged Property—Trover.**

   The plaintiff who had sold a mule and had taken and registered a mortgage to secure the purchase price, may recover of the vendee of the mortgagor, who had disposed of the mule at the time of the suit, the balance of the purchase price the mortgagor owed him thereon; the registered mortgage constituted a valid lien on the mule and the mortgagor can maintain his action of trover against the defendant, who has wrongfully disposed of the mule and appropriated the proceeds of the sale to his own use.

2. **Same—Joint Torts.**

   Evidence in this case that the defendant, in buying and reselling the mule, was acting for a firm consisting of the defendant and another, not made a party, does not affect the result; the objection should have been made by demurrer or answer, and this being a case of joint tort, the plaintiff may sue either one or both of the wrongdoers, at his election, though there can be only one satisfaction.

SMOAK *v.* SOCKWELL.

APPEAL from *E. B. Jones, J.,* at December Term, 1909, of FORSYTH.

This was a civil action in the Superior Court, brought by Smoak & McCreary, partners, against John Sockwell; action was brought for recovery in favor of the plaintiff against the defendant in the sum of $210 for the conversion of a mule, as alleged in complaint.

The jury rendered the following verdict:

1. Are plaintiffs the owners and entitled to the possession of the mule, buggy and harness, described in the pleadings? Answer: Yes.

2. Did the defendant receive into his possession the mule, buggy and harness, and convert them to his own use? Answer: Yes.

3. What was the value of mule, buggy and harness at the time of the sale by defendant and conversion of same to his use? Answer: $125.

4. In what amount, if anything, is defendant indebted to plaintiffs? Answer: $100.

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*L. M. Swink* for plaintiff.
No counsel for defendant.

HOKE, J. On the pleadings there was a general denial of plaintiffs' demand and claim, and on the trial it appeared in evidence that plaintiffs sold a mule to one O. P. Pegram, a resident of Guilford County, N. C., and took a chattel mortgage on the mule and some other personal property to secure the balance due on the purchase price to the amount of $145; that said mortgage was duly proven and registered in the county of Guilford, where the mortgagor resided; some time after the mortgage was due, and when there was considerable balance still unpaid, Pegram sold the mule to defendant John Sockwell; that plaintiffs, having ascertained that defendant had bought the mule, immediately notified defendant of their claim and mortgage, and, receiving no answer, went to see him, and after several efforts succeeded in getting an interview with Sockwell, who acknowledged that he had bought the mule of Pegram and sold him again to other parties.

There was evidence tending to show that the value of the mule at the time he was disposed of by defendant was $100, and the balance remaining due on the note and mortgage, after crediting the cash payments and applying other property embraced within the mortgage, was $100 or $110.

Upon these facts, we are of opinion that the recovery had in plaintiffs' favor should be sustained. There is evidence tending to show that the mule may have been disposed of by defendant after actual notice of plaintiffs' claim; but, whether this be true or not, the mortgage having been properly registered according to the statute, Revisal, sec. 982, constituted a valid lien on the mule wherever the same was found; and, in such case, it is well established that the claimant can maintain trover against any one who has wrongfully disposed of the mule and appropriated the proceeds from same to his own use. *Jones v. Webster,* 48 Ala., 109; *McCandless v. Moore,* 50 Mo., 511; *Ross v. Menefee,* 125 Ind., 432.

In the *McCandless case* it was held:

"1. The vendee of a mortgagor of mortgaged personal property has only the rights of the mortgagor. The mortgagee in possession is not a naked depositary, but has possession coupled with an interest, and is damaged by an unlawful conversion of the property to the extent of that interest; and he can recover for such conversion against the mortgagor, or the mortgagor's vendee."

This position was not seriously controverted by defendant, but it was urged against the validity of the trial that there was evidence tending to show that in buying the mule and reselling the same, the present defendant was acting for a firm, composed of his brother and himself, and that the brother was a necessary party; but the objection is without merit. Apart from the fact that unless such an objection is raised by demurrer or answer, it may be considered as having been waived (Revisal, sec. 478), it is well established that in case of joint torts the plaintiff may sue either all or some of the wrongdoers, at his election, though there can be only one satisfaction. Hale on Torts, 123; Pollock, p. 194.

There is no error, and the judgment for plaintiff is affirmed.

No error.