The plaintiffs claim to be the owners of the mare by virtue of a chattel mortgage executed on 12 September, 1914, by L. A. Sheets, and registered in Davidson County, in which the mare is described as "one bay saddle mare 6 years old."
The defendant claims to be the owner of the mare by virtue of a chattel mortgage executed by the said Sheets on 29 September, 1914, in which the mare is described as "one bay saddle mare 6 years old, named Dell, bought of John Kearns."
The plaintiffs offered evidence tending to prove that at the time of the execution of the mortgage to them Sheets was a resident of Davidson County, and that he owned only one bay mare, and that this was the one taken by the defendant and converted to his own use.
The defendant offered evidence tending to prove that at the time of the execution of the mortgage to the plaintiffs Sheets was a resident of Randolph County, and that he owned two bay mares, and that the mare of which he had possession was not the one described in the mortgage to the plaintiffs.
His Honor, among other things, charged the jury that "If there (576) were two bay saddle mares 6 years old, because the description would fit either, and you could not tell which was the mortgaged property, you would answer the issue `No'; but if there was only one saddle mare 6 years old, then the description was sufficient, and you would answer the issue `Yes,' and fix the value to the mare." The defendant excepted.
The jury returned the following verdict:
1. Did the defendant wrongfully convert the property of the plaintiff? Answer: "Yes."
2. If so, what damages is the plaintiff entitled to recover? Answer: "$100."
Judgment was entered upon the verdict in favor of the plaintiffs, and the defendant appealed.
There is error in the instruction given to the jury, because it excludes from consideration the evidence of the defendant as to the residence of the mortgagor at the time of the execution of the mortgage to the plaintiffs. *Page 628 
The plaintiffs must recover upon the strength of their own title, and as against the defendant must not only show that Sheets executed a mortgage, but that the mortgage was properly registered, and if, at the time of its execution, Sheets was a resident of Randolph, there was no authority to register the mortgage in the county of Davidson, because the statute, Revisal, sec. 982, provides that chattel mortgages must be registered where the mortgagor resides.
New trial.
Cited: Montague Brothers v. Shepherd Co., 231 N.C. 554 (c).