THE CENTURY INSURANCE COMPANY, LTD., Plaintiff, *v.* GLIDDEN
BUICK CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, First District,
May 17, 1940.

*Zipser & Zipser* [*Sidney N. Zipser* of counsel], for the plaintiff.

*Herbert G. McLear*, for the defendant.

DI PIRRO, J. This is an action for damages based on an alleged conversion by the defendant of a used automobile upon which plaintiff's assignor claims to have had a prior chattel mortgage of $300. Plaintiff asks that the lien of its mortgage be enforced and for damages for the taking of the chattel in violation thereof.

The essential facts of the case are not in dispute. One John Petrone, the owner of the automobile which is the subject-matter of this action, executed a promissory note and chattel mortgage thereon to plaintiff's assignor in consideration of a loan made to him in the sum of $300. It is conceded that the execution of the mortgage took place at the office of plaintiff's assignor, located in New York county, at which time the automobile was placed at the street curb outside of the office where Petrone had brought it for inspection.

The mortgage was duly recorded in the office of the register of Bronx county on the morning of the following day, June 10, 1937. It has been agreed that this mortgage, or a copy thereof, was never filed in the office of the register of New York county. Some time thereafter the promissory note and chattel mortgage were assigned to the plaintiff, who thereupon became subrogated to all of the rights of its assignor.

Prior to said assignment and on or about July 24, 1937, Petrone traded in this car to the defendant as part consideration on the purchase price of another automobile, which, for the purpose of this opinion, shall be designated as a new automobile. The used car was thereafter sold by the defendant for the sum of $350.

At the time of the trade-in Petrone signed a " Used Car Contract," in which, after a description of the used car is given, there appears the representation " of which I am the owner, free and clear of all encumbrance." Acting upon this in apparent good faith, delivery of the new automobile was made to him by the defendant. There is no claim made by the defendant either in the pleading or in the evidence that any independent search was made or instituted by them at the time of the transaction in any county of the city of New York for existing liens or mortgages.

The contract signed by Petrone and the inventory card maintained by the defendant, both of which are marked in evidence, unmistakably shows Petrone's residence to be in the Bronx. This

residence also appears on the registration certificate of the used car which was issued by the State Bureau of Motor Vehicles to Petrone and transferred by him to the defendant on July 29, 1937. Again on the certificate of sale of the new car, which was filed by the defendant as dealer on July 29, 1937, the address of the vendee thereof is similarly given.

The evidence is, therefore, conclusive that the defendant should or must have been aware at all times during the above transaction of the fact that Petrone was a resident of Bronx county.

It is now defendant's contention that by virtue of the fact that Petrone brought his car to the Manhattan office of plaintiff's assignor for their inspection at the time of the loan, it was incumbent upon said assignor, under the provisions of section 232 of the Lien Law, to file the chattel mortgage executed by Petrone, or a true copy thereof, in the office of the register of New York county in addition to the Bronx, and that their failure so to do is a bar to this suit. The provisions of the Lien Law which are pertinent hereto are sections 230 and 232. Section 230 states that a chattel mortgage "is absolutely void * * * as against subsequent purchasers * * * in good faith, unless the mortgage, or a true copy thereof is filed as directed in this article." Section 232 provides: " If the chattels mortgaged are in the city of New York at the time of the execution of the mortgage, the mortgage or a true copy thereof must be filed in the county where the mortgagor alleges to reside at the time of the execution of the mortgage, *and in the county where the property is situated.*" The defendant contends and cites in support thereof that " In order to maintain the validity of a chattel mortgage as against creditors and subsequent purchasers and mortgagees in good faith, there must be a strict and rigid observance of the statutory requirements." (*Industrial Loan Assn.* v. *Saul,* 34 Misc. 188.) It is elementary, however, that the court is not precluded from inquiring into what was reasonably the intent of the Legislature.

The rule has been laid down that in construing statutes effect must be given to the evident intention of the Legislature, and that meaning is to be adopted which prevents unreasonableness and inconsistency, and which promotes in the fullest measure the apparent policy and object of the Legislature. (*Matter of Stockwell,* 210 App. Div. 753; *People ex rel. Babcock Co.* v. *Law,* 209 id. 526.)

There can be no doubt but that the situation here presented is representative of scores of similar transactions each business day, and the interpretation to be given to the statute in question becomes commercially significant.

No authority pertaining directly to the facts at bar has been produced by either side and the paucity of cases even remotely bearing thereon is striking.

Conceding that the provisions of the statute were complied with in so far as it required the filing of the mortgage in the county wherein the mortgagor resided, the question is presented as to the significance to be ascribed to the additional filing requirement " in the county where the property is situated."

The stated object of the enactment of the statutes governing the filing of chattel mortgages is to prevent imposition upon subsequent mortgagees and purchasers. Approaching the problem with this principle borne firmly in mind, what seems confusing becomes clear and workable. If notice and protection are to be considered the keynote, then the emphasis should be placed on the necessity for some degree of permanence and stability to be attached to the mechanics of filing.

Reference to Funk & Wagnall's New Standard Dictionary of the English Language indicates the definition of " situate " to be 1. To give a specific position to; fix a site for; 2. To place in a certain position; subject to definite conditions or circumstances; (rare) having a fixed place or a relative position; (archaic) residing; dwelling.

To say that an automobile, which is brought to a designated point solely for the purpose of visual inspection and then driven away, is " situated " at that location within the contemplation of the statute, would be to strain unnaturally and unreasonably at the normal meaning of the word. (*People* v. *Ruthven*, 160 Misc. 112; *Reis & Co.* v. *New York Trust Co.*, 136 id. 141.)

A fundamental maxim of construction is to interpret statutes in a manner which will not tend toward an absurd result. (*People ex rel. Glick* v. *Russell*, 181 App. Div. 322; *Public Service Commission* v. *N. Y. Central R. R. Co.*, 193 id. 615; *People ex rel. Barnes* v. *Warden*, 127 Misc. 224.) It is difficult to conceive how the defendant, or others similarly situated, would be benefited in matters of this nature, in the event the court saw fit to uphold the principle it advances herein. In the face of similar misrepresentations on the part of the mortgagor, how would the defendant expect to become better apprised of the exact county wherein to begin its search for existing liens on the property? Powers of clairvoyance cannot be legislated.

It would seem to the court that in order to carry out the legislative intent, such information should appear and be continued in a public record as would have some practical value, including an indication of where the chattel is likely to be found under normal conditions. As a logical sequitur, such a record should be filed

in the county where the chattel is regularly kept and maintained. This is particularly applicable and significant with relation to a chattel of the nature of a motor vehicle.

The tenor of the cases submitted by the defendant in support of its position is not controlling herein, but is nevertheless indicative of the trend of authority in cases of this nature, standing for the proposition that a reasonable opportunity be given to parties in interest to ascertain the nature, status and situs of the mortgaged property and the mortgagor's interest therein.

In *Winters* v. *Municipal Capital Corp.* (26 F. Supp. 330) and *Matter of Steiner* (249 Fed. 880) the defects in filing concerned themselves with the statement of the residence of the mortgagor. In the latter case the court said: " The present statute was evidently intended to require a statement in the mortgage showing the place of residence of the mortgagor. The evidence shows that the mortgagee was negligent, both in failing to require the mortgagor to state his place of residence and also in failing to take into account obvious facts before assuming that the bankrupt's place of residence was New York county."

In the case at bar the mortgagor, Petrone, resided in Bronx county and the mortgage and car registration indicate that the car was kept there. Indeed, the mortgage recites that the property would be stored at his residence during the term of the mortgage.

I find, therefore, that the mortgage was properly filed in that county, as the legal situs of the automobile at the time of the execution of the mortgage. A pleasure car is presumed to take the residence or domicile of its owner for the purpose of cases involving taxes, registration, garnishment, attachment, descent and distribution, license fees, etc. It would be extremely conjectural and hazardous to hold that a car " in transitu " under the control and operation of the owner, takes on a variable situs dependent on the mood and will of its operator.

Section 232 of the Lien Law afforded the defendant ample protection, of which it could have successfully availed itself with the information in its possession.

It cannot be fairly said that either the plaintiff or its assignor were responsible for, nor should they be prejudiced by, the fraud of Petrone in his dealings with the defendant, which still is not without its legal remedy as against him.

The question of usury permeating the transaction not having arisen during the course of the trial, there need be no finding by the court with reference to same.

In the light of the reasoning above, I am of the opinion that the plaintiff is entitled to recover damages in the sum of $300, with interest. Five days' stay.