MONTAGUE BROTHERS, INC., A CORPORATION, v. W. C. SHEPHERD COM-
PANY, INC., A CORPORATION ; A. L. HUSSEY ; AND BANK OF MANS-
FIELD, INTERVENOR.

(Filed 22 March, 1950.)

**1. Chattel Mortgages and Conditional Sales § 8a—**

A chattel mortgage or conditional sales contract is valid as against
creditors or purchasers for value as of the time of registration in the
proper county, and registration in any county other than that specified by
law is of no effect.   G.S. 47-20, G.S. 47-23.

**2. Same—**

Where a chattel mortgage or conditional sales contract is registered in
the proper county, subsequent change of residence of the mortgagor or
vendee, or subsequent removal of the property to another county of the
State, does not affect the lien, there being no requirement of a second
registration in this State in either of these events.

**3. Same—**

Where the owner of the equity is a nonresident, a chattel mortgage or
conditional sale on the property must be registered in the county where
the property is situate at the time of the registration, and evidence that
a truck was sold under a conditional sales contract in a certain county in
this State and was thereafter used in said county by the vendee until after
the date the conditional sales contract was registered in that county, is
sufficient to support the finding by the jury that the truck was situated in
such county at the time of registration.

**4. Same—**

The objective of the registration statutes is to give notice to creditors
and purchasers for value from the mortgagor or vendee, and therefore the
county of registration is that where interested parties would ordinarily
look for information in regard thereto, *i.e.*, the county of the mortgagor's
or vendee's residence, or, in case he is a nonresident, the county where the
chattel is situated.   G.S. 47-20, G.S. 47-23.

**5. Same—**

A chattel is situated within the meaning of the registration statutes
where it is regularly used day by day, or where it is regularly kept when
not in actual use.

APPEAL by defendant, W. C. Shepherd Company, Inc., and intervenor,
Bank of Mansfield, from *Bone, J.,* and a jury, at October Term, 1949, of
WAYNE.

Civil action involving conflicting claims to priority of liens on a
motor truck.

These matters have been established by the judicial admissions of
the parties:

1. G. B. Walker was a nonresident of North Carolina during the
transactions set out below.

2. On 17 July, 1947, the plaintiff, Montague Brothers, Inc., a motor vehicle dealer in Wayne County, North Carolina, sold the truck to Walker under a conditional sales contract whereby it retained title as security for the contract price. The sum of $950.60 is now due the plaintiff by Walker on the contract price. The conditional sales contract was registered in the office of the Register of Deeds of Wayne County on 1 August, 1947.

3. On 29 January, 1948, Walker appeared before a notary public in Wayne County and acknowledged the execution of these mortgages covering the truck as security for debts: (1) A chattel mortgage to the Carroll Realty and Insurance Company, of Carrollton, Georgia, which was antedated 31 May, 1947, and recorded in the office of the Register of Deeds of Lenoir County, North Carolina, on 12 February, 1948; and (2) a chattel mortgage to the Bank of Mansfield, of Newton County, Georgia, which was antedated 11 June, 1947, and registered in the office of the Register of Deeds of Lenoir County, North Carolina, on 24 February, 1948. The Carrollton Realty and Insurance Company assigned its debt and chattel mortgage to the defendant, W. C. Shepherd Company, and Walker now owes this defendant $1,010.00 thereon. The sum of $1,089.00 is still due the Bank of Mansfield by Walker on the debt secured by its chattel mortgage.

The plaintiff brought this action against the defendants, W. C. Shepherd Company and A. L. Hussey, to obtain possession of the truck under its conditional sales contract, alleging that such contract constituted a first lien on the truck because it was situated in Wayne County when the contract was registered and suing out ancillary claim and delivery process for the truck, which was in the possession of the defendants. The plaintiff prayed that the truck be sold under decree, and the proceeds of its sale be applied to the satisfaction of its claim against Walker.

Hussey did not defend. The W. C. Shepherd Company gave an undertaking for replevy, and retained the truck pending the trial. It and the Bank of Mansfield, which intervened in the action, made common cause against the plaintiff, alleging that the conditional sales contract was invalid as to them on the ground that the truck was not situated in Wayne County when such contract was registered. They asserted that the chattel mortgage of the W. C. Shepherd Company and the chattel mortgage of the Bank of Mansfield were respectively the first and second liens on the truck, and prayed for the sale of the truck and the application of the proceeds of its sale to the payment of their claims against Walker in that order of priority.

The legal battle in the court below centered around the question of whether the truck was situated in Wayne County at the time of the registration of the plaintiff's conditional sales contract. The only evi-

dence at the trial relating to the location of the truck prior to 15 August, 1947, was presented by the plaintiff. This testimony tended to show that the plaintiff purchased the truck in Detroit, Michigan, and brought it to the plaintiff's garage in Wayne County the latter part of May, 1947; that the truck remained in such garage until 17 July, 1947; that it was then sold to Walker under the conditional sales contract; and that the truck was used for hauling asphalt in road work which Walker was performing for the W. C. Shepherd Company in Wayne County from that time until about April, 1948.

The defendant, W. C. Shepherd Company, and the intervenor offered evidence indicating that the truck was used in road work in Duplin County, North Carolina, from "the middle of August . . . up until the first week ending in September, 1947," and that thereafter it was employed in similar work in Lenoir County, North Carolina.

Issues were submitted to and answered by the jury as follows:

"1. Was the conditional sales agreement of the plaintiff referred to in the complaint duly executed and registered according to law in the proper county? Answer: Yes.

"2. Is the plaintiff entitled to the immediate possession of the truck described in said conditional sales agreement? Answer: Yes.

"3. Is the defendant, W. C. Shepherd Company, Inc., in the wrongful possession of the aforesaid motor truck? Answer: Yes.

"4. What was the value of the said motor truck at the time of its seizure under the Writ of Claim and Delivery? Answer: $950.60."

Judgment was entered on the verdict in favor of the plaintiff, and the defendant, W. C. Shepherd Company, and the intervenor appealed, asserting in their assignments of error that the plaintiff's evidence was insufficient to establish the proposition that the truck was situated in Wayne County at the time of the registration of the conditional sales contract.

*Scott B. Berkeley for the plaintiff, appellee.*

*James N. Smith for the defendant, W. C. Shepherd Company, and the intervenor, Bank of Mansfield, appellants.*

ERVIN, J. Chattel mortgages and conditional sales are nearly allied to each other. *Poindexter v. McCannon,* 16 N.C. 373, 18 Am. Dec. 591. For this reason, G.S. 47-20, which covers chattel mortgages, and G.S. 47-23, which embraces conditional sales, prescribe identical requirements for their recording. These statutes expressly provide that a chattel mortgage or a conditional sale of tangible personal property is valid as against creditors or purchasers for a valuable consideration from the mortgagor or vendee only from its registration in the county where the mortgagor or

vendee resides if he resides in the State, or in the county where the property is situated if he resides out of the State.

Under these statutes, such an instrument takes effect as against such interested third persons from and after its registration in the place appointed by law as if it had been then and there executed. *Finance Corp. v. Hodges,* 230 N.C. 580, 55 S.E. 2d 201. This being so, the recordation of a chattel mortgage or a conditional sale in any county other than that specified by law is of no effect. *Discount Corporation v. Radecky,* 205 N.C. 163, 170 S.E. 640; *Foy v. Hurley,* 172 N.C. 575, 90 S.E. 582; *Bank v. Cox,* 171 N.C. 76, 87 S.E. 967; *Weaver v. Chunn,* 99 N.C. 431, 6 S.E. 370.

Since the place where the law requires it to be recorded is fixed by either the residence of its maker or the location of the property covered by it at the time of its registration, a chattel mortgage or a conditional sale, which is originally registered in the proper county, retains its full legal vigor in case the maker afterwards changes his residence to some other place within the State, or the property is subsequently removed to another county. *Smoak v. Sockwell,* 152 N.C. 503, 67 S.E. 994; *Barrington v. Skinner,* 117 N.C. 48, 23 S.E. 90; *Hornthal v. Burwell,* 109 N.C. 10, 13 S.E. 721, 26 Am. S. R. 556, 13 L.R.A. 740; *Harris v. Allen,* 104 N.C. 86, 10 S.E. 127; 10 Am. Jur., Chattel Mortgages, section 95; 14 C.J.S., Chattel Mortgages, section 155. There is no requirement of a second recordation in this State in either of these events. *Harris v. Allen, supra.*

As Walker was a nonresident of the State, the trial court rightly made the case to turn upon the question whether the truck was situated in Wayne County within the meaning of the law at the time of the registration of the plaintiff's conditional sale contract, *i.e.,* on 1 August, 1947. *Sloan Bros. v. Sawyer-Felder Co.,* 175 N.C. 657, 96 S.E. 39.

Although G.S. 47-20 was enacted in 1829 and G.S. 47-23 was adopted in 1883, we have found no decision in this jurisdiction establishing any practical criterion for determining when a specific chattel is situated in a particular place. *Credit Corporation v. Walters,* 230 N.C. 443, 53 S.E. 2d 520, does not do so. Indeed, it does not deal with the precise problem which confronts us. It is concerned with a question of conflict of laws, and rightly adjudicates that a moveable chattel does not lose its original *situs* in one State until it acquires "a more or less permanent location" elsewhere.

Standard lexicographers define "situated" as "having a site or location; located." The word ordinarily implies more than mere temporary presence. 58 C.J. 741. The significance of the term in the statutes relating to the recording of chattel mortgages and conditional sales of tangible

personal property becomes plain when due heed is paid to the reasons for their enactment.

These statutes are designed to give notice of the mortgage or conditional sale to persons of the classes mentioned therein, *i.e.*, creditors and purchasers for a valuable consideration from the mortgagor or vendee, and "to prevent fraud and deception by protecting them from the effects of secret liens and from losses which they might otherwise sustain by relying upon the possession and apparent ownership of the chattels in the mortgagor" or vendee. 10 Am. Jur., Chattel Mortgages, section 83. See, also: *Drill Co. v. Allison,* 94 N.C. 549.

In adopting these statutes, the Legislature took into account the palpable fact that a chattel, unlike land, has no fixed or permanent location, and endeavored to procure the registration of each chattel mortgage or conditional sale in the place where third persons interested in the state of title to a chattel ostensibly owned by the mortgagor or vendee would ordinarily look for information on that point.

The requirement that such an instrument is to be recorded in the county where its maker has his actual personal residence is based on the legislative realization that "persons interested to have knowledge in such respect would go to the county where a person resides to see what disposition he had made of his personal property by deeds and other instruments required to be registered." *Bank v. Cox, supra.*

In fixing the place for registration of a chattel mortgage or a conditional sale executed by a mortgagor or vendee residing out of the State, the Legislature acted upon the assumption that persons interested in a chattel ostensibly owned by a nonresident will seek information in respect to the title to such chattel in the place where such chattel is likely to be found under normal conditions. For this reason, it incorporated in the recording statutes the provision which specifies that a chattel mortgage or a conditional sale made by a nonresident is to be registered in the county where the chattel is situated. This necessarily implies that the chattel is situated where it is regularly kept and maintained; for that is the place where it is likely to be found under normal conditions. *Century Ins. Co., Limited, v. Glidden Buick Corporation,* 174 Misc. 149, 20 N.Y.S. 2d 108. Hence, we conclude that a chattel is situated within the meaning of the recording acts where it is regularly used day by day, or where it is regularly kept when not in actual use. *Lathe v. Schoff,* 60 N.H. 34; Jones on Chattel Mortgages and Conditional Sales (6th Ed.), section 255.

When these principles are applied to the instant case, it is manifest that the testimony adduced by the plaintiff was sufficient to support the determinative finding of the jury that the truck was situated in Wayne County at the time of the registration of the conditional sales contract

under which the plaintiff claims. The exceptions of the appellants are, therefore, overruled.

Judges must interpret and apply statutes as they are written. We have performed this task.

Nevertheless, we think it not altogether beside the mark to observe that chattels were virtually localized at the time of the adoption of our recording statutes. Nowadays, however, a substantial part of the resources of the people is invested in automobiles, whose utility and value consist solely in their high degree of mobility. In instances without number, the exigencies of industry drive automobiles from place to place at short intervals, affording their ostensible owners rare opportunities to victimize innocent third persons. For this reason, students of commercial problems suggest that the recordation statutes as they pertain to the mortgage or sale of automobiles on credit are outmoded, and ought to be replaced by a central system for registering automobile liens covering the entire State. 26 N.C.L.R. 173. This is a matter, however, which falls within the legislative realm.

The trial and judgment will be upheld; for there is in law
No error.