BETTY W. ANDREWS, Widow, and Guardian ad Litem of SYLVIA DENISE ANDREWS, Minor Child, DOLF OTIS ANDREWS, Deceased v. NU-WOODS, INC., Employer, and INTERNATIONAL INSURANCE CO., Carrier

No. 42

(Filed 1 April 1980)

**Master and Servant § 69— workers' compensation death benefits—maximum weekly benefit**

The amendment to G.S. 97-29 by Ch. 1103 of the 1973 Session Laws, governing the maximum weekly workers' compensation benefit, applies to G.S. 97-38 so that G.S. 97-38 no longer limits recovery for death claims to $80.00 per week, and the Industrial Commission properly determined that by computing benefits pursuant to G.S. 97-29, plaintiffs are entitled to weekly benefits of $158.00 per week for 400 weeks.

ON appeal by the defendants from an opinion of the Court of Appeals reported at 43 N.C. App. 591, 259 S.E. 2d 306 (1979), with one judge dissenting, affirming an opinion and award of the North Carolina Industrial Commission (Commission) filed 19 July 1978.

Andrews v. Nu-Woods, Inc.

The facts pertinent to this action are not in dispute. It was stipulated by the parties, with such stipulations being adopted by the Commission, that the deceased, Dolf Otis Andrews, was an employee of Nu-Woods, Inc. earning a weekly wage of $420.28; that Nu-Woods, Inc. and deceased were bound by the provisions of the Workmen's Compensation Act, and that International Insurance Co. was the insurance carrier on the risk. It was also stipulated that on 20 February 1977, deceased sustained an injury by accident arising out of and in the course of his employment with defendant employer, and died as a result thereof on 26 February 1977. Since the death of Dolf Otis Andrews, the defendants have paid to the plaintiffs in this action, Betty W. Andrews, wife of the decedent, and Sylvia Denise Andrews, minor child of the decedent, the sum of $80.00 per week in death benefits.

In January of 1978 plaintiffs petitioned the Commission for a hearing to make a determination as to the amount of weekly compensation to which they were entitled. Such a hearing was scheduled before Deputy Commissioner Christine Y. Denson for 10 May 1978. However on May 2, 1978 based on the factual stipulations of the parties, Deputy Commissioner Denson concluded as a matter of law that plaintiffs, as beneficiaries under N.C.G.S. 97-36, were entitled to recover death benefits in the amount of $158.00 per week for the period of 400 weeks, plus burial expenses and attorneys fees. Defendants were to receive credit for the $80.00 per week payments made since Dolf Otis Andrews' death on February 26, 1977. Defendants appealed this award to the full Industrial Commission which on July 19, 1978 adopted *in toto* the findings of fact and conclusions of law of Deputy Commissioner Denson. From the decision of the full Commission defendants appealed to the Court of Appeals, which affirmed the decision of the full Commission in *Andrews v. Nu-Woods, Inc.*, 43 N.C. App. 591, 259 S.E. 2d 306 (1979), Chief Judge Morris dissenting. Defendants appealed to this Court as a matter of right pursuant to G.S. 7A-30(2).

*Hatcher, Sitton, Powell and Settlemyer by Steve B. Settlemyer for Betty W. Andrews and Sylvia Denise Andrews, plaintiff-appellees.*

*Hedrick, Parham, Helms, Kellam, Feerick and Eatman by Hatcher Kincheloe, for Nu-Woods, Inc., and International Insurance Co., defendant-appellants.*

BROCK, Justice.

The sole question presented by this appeal is the amount of compensation to which plaintiffs are entitled as a result of the death of Dolf Otis Andrews, caused by an accident arising out of and in the course of his employment with defendant Nu-Woods, Inc. Defendants argue, relying on N.C.G.S. 97-38, that plaintiffs' weekly recovery be limited to a maximum of $80.00 for the 400 week compensable period. In its pertinent part G.S. 97-38 provides as follows:

"If death results proximately from the accident . . . the employer shall pay or cause to be paid, subject to the provisions of the other sections of this Article, *weekly payments of compensation equal to 66-2/3% of the average weekly wages of the deceased employee at the time of the accident, but not more than Eighty Dollars ($80.00) . . . per week . . . .*" (Emphasis ours.)

On the other hand, plaintiffs contend, and the Court of Appeals and Commission so held, that N.C.G.S. 97-29 as amended in 1973 (1973 Session Laws, Chapter 1103) requires that plaintiffs receive benefits at an increased weekly rate. The amendment of G.S. 97-29 provides:

"Notwithstanding any other provision of this Article, beginning August 1, 1975, and on August 1 of each year thereafter, a maximum weekly benefit shall be derived by obtaining the average weekly insured wage in accordance with G.S. 96-8(22) and by rounding such figure to its nearest multiple of two dollars ($2.00), and this said maximum weekly benefit shall be applicable to all injuries and claims arising on and after November 1 following such computation. *Such maximum weekly benefit shall apply to all provisions of this Chapter effective August 1, 1975,* and shall be adjusted August 1 and effective October 1 of each year thereafter as herein provided." (Emphasis added.)

The Commission determined that by computing benefits as per G.S. 97-29, plaintiffs are entitled to weekly benefits in the amount of $158.00. There is no issue raised by this appeal as to the plaintiff's right to receive death benefits as per G.S. 97-38. The only question raised concerns the appropriate amount of such death

---

---

benefits. For the reasons that follow we hold that the Commission correctly concluded that G.S. 97-29 as amended, entitled plaintiff to receive weekly death benefits in the amount of $158.00 per week for the period of 400 weeks.

In *School Commissioners v. Aldermen,* 158 N.C. 191, 196, 73 S.E. 905, 907 (1912), this Court noted:

". . . it is the well-recognized principle that the object of all interpretation is to ascertain the meaning of the Legislature as contained in the statute, and to this end, resort must primarily be had to the language of the act itself. *Where the statute is free from ambiguity, explicit in terms and plain of meaning, it is the duty of the courts to give effect to law as it is written and they may not resort to other means of interpretation." Phillips v. Shaw Comr. of Revenue,* 238 N.C. 518, 78 S.E. 2d 314 (1953); *Peele v. Finch,* 284 N.C. 375, 200 S.E. 2d 635 (1973). (Emphasis ours.)

In reading the language of G.S. 97-29, we conclude that the words of the 1973 amendment are explicit in terms and plain of meaning requiring that we give effect to the law as written. As noted above, the amendment provided in part that, "such maximum weekly benefit *shall apply to all provisions of this chapter effective August 1, 1975."* To hold that the amended maximum weekly benefit applies only to section 97-29 and not to section 97-38 when both sections are within the same chapter of the Workmen's Compensation Act, and the amendment specifically provides that the new maximum applies to *all* provisions of the chapter, would be in direct contravention to the plain language of the amendment. This we cannot and will not do. In *Montague Brothers v. Shepherd Co.,* 231 N.C. 551, 556, 58 S.E. 2d 118, 122 (1950), Justice Ervin speaking for the court noted, "[j]udges must interpret and apply statutes as they are written." As written, the 1973 amendment to G.S. 97-29 clearly establishes maximum weekly benefits for all sections of the Workmen's Compensation Act including benefits for total incapacity and death. In this case that maximum was determined to be $158.00 per week. It is this amount to which plaintiffs are entitled.

The Court of Appeals' decision affirming the order of the full Commission is therefore affirmed.

Affirmed.