The People of the State of New York ex rel. Max Glick, Respondent, *v*. Alfred P. Russell, as County Treasurer of Dutchess County, and Herbert S. Sisson, as State Commissioner of Excise of the State of New York, Appellants.

Second Department, December 14, 1917.

Intoxicating liquors — reduction of number of certificates issued in municipalities under 55,000 population — when determination of local commissioners conclusive — contrary determination by State Excise Commissioner.

Where two of the three commissioners appointed, under the authority of chapter 623 of the Laws of 1917, by the mayor of a city of a population less than 55,000 to reduce the number of liquor tax certificates so that there shall be only one certificate to each 500 of the population and to determine what persons are and what persons are not to be entitled to the issuance of certificates for the ensuing year, have filed a written determination of these questions, a person certified as being entitled to a certificate is entitled to the issuance thereof although the State Commissioner of Excise has made a different determination as to the persons entitled to certificates, upon the ground that the designations of the local commissioners were ineffective not being signed by the third commissioner, who made a dissenting and independent determination. Unanimity in a commission of three persons is not ordinarily required.

The determination of the local commissioners need not affirmatively show that a meeting was duly held upon reasonable notice to all members of the commission, for it is presumed that the local commission performed its statutory duty.

APPEAL by the defendants, Alfred P. Russell, as County Treasurer of Dutchess county, and another, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 29th day of September, 1917, granting the application of the relator for the issuance of a liquor tax certificate.

*C. S. Ferris*, for the appellants.

*James G. Meyer*, for the respondent.

STAPLETON, J.:

This is an appeal from a final order in a proceeding instituted under subdivision 1 of section 27 of the Liquor Tax Law (Laws of 1909, chap. 39, constituting Consol. Laws, chap. 34), commanding the county treasurer of the county of Dutchess to issue a liquor tax certificate to the relator.

The Liquor Tax Law, as amended by chapter 623 of the Laws of 1917, exposes a legislative intent to reduce the number of liquor tax certificates to be issued after October 1, 1917, in cities having a population of 55,000 or less, and in towns: The reduction was directed to be made upon the basis of not more than one certificate to each 500 of the population. (§ 8, subd. 9, ¶ c, cl. (7).)  The statute provides that within twenty days after the act takes effect the mayor of each city having a population of 55,000 or less, as shown by the last State census, shall appoint a commission of three persons; that the names of the members of the commission shall be submitted to the Commissioner of Excise for approval or disapproval; and in the event that any member of such commission is disapproved by such Commissioner, he may appoint another person to serve.  After approval, and within ten days after notification of their appointment, the members of such commission shall meet, at a time and place to be designated by the Commissioner of Excise, and shall organize by the election of one member as chairman of the commission.  The commission have power to appoint a clerk.  (Liquor Tax

Law, § 8, subd. 9, ¶ c, cls. (1), (2).) The commission is directed to investigate as to the location of places within such city where trafficking in liquors is engaged in under liquor tax certificates issued under subdivision 1 of section 8 of the Liquor Tax Law, and they are empowered to inquire as to the conduct of the business at those places. " Upon the completion of such investigation and inquiry, which shall be on or before September first, nineteen hundred and seventeen, the said commission shall determine as to the places within such city or town, not exceeding the ratio of one for each five hundred of the population thereof, where trafficking in liquors may be continued during the ensuing year, beginning October first, nineteen hundred and seventeen, under liquor tax certificates issued under subdivision one of this section. * * * The said commission shall prepare a written statement containing a description of the places where such trafficking in liquors may be continued, giving the street and number, if any, and the names of the holders of the liquor tax certificates under which such trafficking was engaged in at the time of the investigation. Such statement shall also contain a like description of the places where trafficking in liquors is engaged in, for which liquor tax certificates are not to be issued for the ensuing year in order to reduce the number of places where trafficking in liquors may be engaged in under such subdivision to the ratio herein prescribed. Such statement shall be signed in triplicate by the members of the commission, one of which triplicates shall be filed with the State Commissioner of Excise, one with the certificate issuing officer of the county in which such city or town is situated, and one in the office of the clerk of the city or of the town clerk of the town." (Liquor Tax Law, § 8, subd. 9, ¶ c, cl. (3).)

" The determination of such commission shall be final and conclusive. In case such commission shall fail to designate on or before September first, nineteen hundred and seventeen, the places in such city or town for which liquor tax certificates may be issued, or in case the mayor of a city or the town board of a town refuses or fails to appoint such commissioners, or if for any other cause such designation is not made, the State Commissioner of Excise shall designate said places." (Liquor Tax Law, § 8, subd. 9, ¶ c, cl. (4).)

The population of the city of Beacon, according to the last State census, is 10,165. The city is entitled to twenty places for which subdivision 1 liquor tax certificates may be issued for the excise year commencing October 1, 1917. For the excise year of 1916, *i. e.*, October 1, 1916, to September 30, 1917, both dates inclusive, there were forty-one subdivision 1 certificates issued and in force. Therefore, the excise commission appointed by the mayor of the city of Beacon was required to designate twenty places for which subdivision 1 certificates may be issued for the excise year beginning October 1, 1917, and it was also required to designate twenty-one places for which subdivision 1 certificates may not be issued for that excise year.

The mayor of the city of Beacon appointed John S. Lynch, Daniel R. Sullivan and George F. Patterson. Two of the commissioners (Lynch and Sullivan) made and signed a designation of places dated August 31, 1917, and filed the same on September 1, 1917. The third commissioner refused to concur in or to sign the designation signed by Messrs. Lynch and Sullivan. He signed an independent designation and statement and filed it on September 4, 1917.

The State Commissioner of Excise, made a party to this proceeding, professing to regard as ineffective the designation and determination of the local commission, made and filed a designation and statement of places on the 15th day of September, 1917. The relator's premises were designated by the local commission and were not designated by the State Commissioner. The relator applied to the county treasurer of Dutchess county for a liquor tax certificate, and the county treasurer denied the application, stating his reasons therefor in writing as follows: " Acceptance of within application statement and accompanying bond for filing in this office refused, and application for liquor tax certificate refused upon the ground that the premises at which the applicant intends to traffic in liquors is not entitled to a liquor tax certificate for the term beginning Oct. 1, 1917, under the determination of Herbert S. Sisson, State Commissioner of Excise, dated Sept. 15, 1917, and filed in this office Sept. 17, 1917."

The facts hereinbefore recited are undisputed. There is no allegation in the return, and there is no claim made, that

there was any other reason than that stated in writing for the refusal of the certificate to the relator. There is no allegation in the return that the commission did not duly hold a meeting upon reasonable notice to all of its members and then and there deliberate and determine.

It is made a point in the brief that the written statement which the statute required the commission to prepare did not expressly state that a meeting had been duly held upon reasonable notice to all of the members of the commission, and that at such meeting the determination and designation were made; but on the argument that contention was withdrawn in order that the real question of law presented by this appeal might be determined without the consideration of a subsidiary and quite unimportant circumstance. The concession was in harmony with the regularity of the proceedings of the local commission, as may be inferred from the language of the so-called minority report, unseasonably made and filed, and was doubtless impelled by a disinclination to take advantage of a blank form obviously prepared under the direction of the State Commissioner of Excise. Moreover, this is not a case where the statute writes the form of statement or requires that jurisdictional facts be certified. It requires simply a ministerial statement of certain specified facts, to wit, a description of the places where such trafficking in liquors may be continued, giving the street and number, if any, and the names of the holders of the liquor tax certificates under which such trafficking was engaged in at the time of the investigation, and a like description of the places where trafficking in liquors was engaged in for which liquor tax certificates are not to be issued for the ensuing year. That the local commission performed its statutory duty is to be presumed. (*Downing* v. *Rugar*, 21 Wend. 178; *Albany County Savings Bank* v. *McCarty*, 149 N. Y. 71, 83.)

The real contention of the appellant is that the statement required by the statute, the provisions of which are hereinbefore quoted, is void unless signed by all three commissioners. The statute does not say so. It could have said so by the use of the simple word "all." Unanimity in a commission of three persons is not ordinarily required. Statutes are to be

interpreted workably. (*People ex rel. Washington* v. *Nichols*, 52 N. Y. 478.)

The order should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., THOMAS, RICH and BLACKMAR, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.