In the Matter of the VILLAGE OF ELMIRA HEIGHTS, Petitioner, against JOHN L. FIESTER, as Chemung County Treasurer, Respondent.

Supreme Court, Special Term, Chemung County, April 18, 1946.

*Walter C. Garey* for petitioner.

*James E. Personius* for respondent.

*Charles W. Winding* for Town of Horseheads, intervener.

DEYO, J. This proceeding is brought to compel the respondent, as County Treasurer of Chemung County, to distribute certain franchise tax moneys now held by him, between the petitioner

and the Town of Horseheads, in accordance with the provisions of subdivision 4 of section 218 of the Tax Law, and to restrain him from holding certain hearings and taking evidence allegedly in excess of his authority. Although a right to appeal from an adverse decision by the County Treasurer is undoubtedly provided by the statute, since the relief sought is preventive rather than remedial in nature, and since no objection has been raised to the jurisdiction of the court, it will be held that the legality of the respondent's acts, real and threatened, may properly be tested in this proceeding. The facts are not in dispute.

It appears that the Bendix Aviation Corporation and its predecessor, the Eclipse Machine Company, hereinafter referred to as one corporation, own and operate a manufacturing plant which is entirely situated within the town of Horseheads, and part of which is situated within the village of Elmira Heights, all in Chemung County. Based, we must assume, upon the corporation's tax return, the Comptroller apportioned to the County Treasurer franchise tax moneys amounting to $133,478.02, for the quarter ending June 30, 1944, with his certificate that said amount was being distributed between the town and the village pursuant to the provisions of section 218 of the Tax Law. Upon notice being given to the interested municipalities, the town filed objections on the grounds that the corporation owned tangible personal property situated in that portion of the town which lay outside of the village. Thereafter, the County Treasurer made known that he intended to take proof to determine the value of the tangible personal property owned or used by the corporation in its business located within and without the village, for the purpose of allocating the tax moneys between the village and the town, in accordance with what such evidence might disclose. The petitioner thereupon commenced this proceeding, claiming that the formula set forth in subdivision 4 of section 218 of the Tax Law required a division of the entire amount in accordance with the ratio which the amount of taxes raised in the village for village and town purposes bears to the aggregate amount, so raised by both town and village, and that any testimony relative to the value and location of the personal property was unnecessary, and any division along those lines would be improper and illegal. The respondent and the Town of Horseheads, permitted to intervene by stipulation, contend that the division of the franchise tax moneys between the town and the village is dependent upon the value and location of the tangible personal property of the corporation and that the proposed evidence is therefore proper and essential.

They further maintain that it is only such portion of the whole amount as represents the value of the personal property situated within the confines of the village that is apportioned in accordance with the formula based on tax moneys raised. The whole question before the court concerns the construction and interpretation of section 218 of the Tax Law which, unfortunately, has apparently never heretofore been construed by the courts in this particular regard.

A careful reading of the statute convinces me that it was the intention of the Legislature to allocate to each municipal subdivision of the State, be it city, town or village, such portion of the franchise tax moneys as is represented by the tangible personal property used or owned by a taxpaying corporation situated within the confines of such municipality, and in the absence of any such property from the State, which is not the case here, to base the allocation upon the location of the corporation's principal financial office. Such intent is clearly and definitely expressed in subdivisions 1, 2, 3 and 4 of section 218 in relation to cities and towns. Unfortunately, that same clarity of expression is not found in that portion of subdivision 4, having to do with villages.

It is therein provided that where the property is located in a village, the entire amount shall be prorated between the village and town in accordance with the ratio of taxes raised. This single provision standing by itself, would seem to support the petitioner's claim. The difficulty with that position lies in the fact that it disregards not only the real intent of the entire section, but even the express directives of other clauses in the very same sentence. It is therein also provided that if such property be located in a town outside of a village the whole portion shall be paid to the town. The two directives contained in these two clauses are consistent and workable if the property involved be all in one place or the other. They become inconsistent and unworkable where a part of the property is located within the confines of the village and a part lies outside. Under such circumstances one clause directs that the entire portion should be paid to the town, while the other with equal force directs that it be divided. That is exactly the case here. If " property " means less than the whole then, since there is property " located * * * in a town outside of a village," the Town of Horseheads is entitled to the entire amount. On the other hand, since some property is also " located in a village," the entire amount must be divided. This obvious inconsistency requires us to turn elsewhere to resolve the

ambiguity which patently exists. We need look no further than the very sentence within which these two clauses appear, for it is therein stated that the amount credited to a town " on account of the location therein of \* \* \* property ", shall be determined in the same manner as if there were more than one city or town involved; that is, by reference to the situs of the tangible personal property. When no village is involved, there is, of course, nothing to determine, since the town receives the whole amount. Likewise, when all of the property is located within the village, no division is necessary, since the town is entitled only to its proportion, depending upon the amount of taxes raised. But when, as here, the property is partially within and partially without the village limits, the directive of the statute cannot be complied with except on the basis of a prior determination of the value of the property according to its situs. Since the town by explicit statutory direction, is entitled in its own right to its proportionate share of the franchise tax moneys as is represented by the value of the property outside of the village, free from any and all claim by the village, it must by necessity follow that the village is limited in its claim to that proportion of such moneys as is represented by the value of the property lying within its borders.

The petitioner's argument that a division along the lines heretofore set forth, will work hardship upon the village, seems to me to be more properly directed to the Legislature than to the court. Whether there be hardship in this particular case or not, it is easy to visualize a situation where the hardship would be on the other side. For instance, under the construction urged by the petitioner, the presence of a desk or chair within the village limits would give rise to a claim upon the entire amount credited to the town. Moreover, if there should be more than one village in a single township wherein corporate property might be found, there could be no possible way that a division could be made under the petitioner's interpretation. An interpretation of a statute which would render it meaningless, ineffectual or unworkable, is to be avoided whereever possible. (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459; *People* v. *Ahearn*, 196 N. Y. 221; *People ex rel. Glick* v. *Russell*, 181 App. Div. 322.)

The petitioner is undoubtedly correct in his argument that the duty of making this apportionment between town and village falls upon the Comptroller in the first instance, but where he has failed to make it, and objections have been properly filed, then by statutory direction, the County Treasurer must conduct

a hearing and inferentially take evidence on this specific point in order to rectify any possible error or omission on the part of the State officer. To provide by statute for a hearing before the County Treasurer, to provide that objections may be filed and that a hearing be held, to provide that the County Treasurer shall make a determination on the validity of such objections which shall be conclusive, unless a proceeding to review it is commenced, clearly and unmistakably confers upon the County Treasurer the right to take evidence and determine the issues raised. This is just what the respondent proposes to do, and the fact that proof may be difficult and that a determination of the value and situs of the personal property involved, may be hard to determine, is of course no reason to disregard the statute or ignore its provisions.

The respondent, pursuant to stipulation, and with right to object reserved, has offered in evidence the affidavit of the Deputy Commissioner in the State Department of Taxation and Finance, which indicates that the State has consistently adhered to the interpretation of the statute heretofore set forth. Since serious ambiguity is found to exist, the affidavit is held admissible, and although far from binding upon the court, has been given due consideration in reaching this determination. (*Lawrence Constr. Corp.* v. *State of New York*, 293 N. Y. 634, 643.) The affidavit of the corporate officer offered by the petitioner deals with matters of proof, and is not pertinent to the present inquiry. It, therefore, will not be received. Exceptions are hereby granted to the petitioner in both instances.

An order may be submitted, dismissing the proceeding on its merits, but without costs to any party.