S. A. PARKER, Appellant, v. FARMERS' LOAN & TRUST COMPANY *et al.*, Appellees.

**Mortgage of Personal Property :** TRUST DEED : RIGHT OF POSSESSION. A written instrument whereby a mortgagor surrenders the possession of all his interest in specific personal property to a person named, giving him power to lease or sell the same, and apply the proceeds to certain indebtedness, will not entitle such person to the possession of said property, as against one claiming under a prior mortgage upon the same property.

*Appeal from Pocahontas District Court.*—HON. LOT THOMAS, Judge.

MONDAY, OCTOBER 27, 1890.

ACTION of replevin. A demurrer to plaintiff's petition was sustained, and, standing on his pleading, he appeals.

*I. W. Bane* and *Goldsmith & Hart*, for appellant.

*James Dougherty* and *Wm. Milchrist*, for appellees.

BECK, J.—The plaintiff alleges in his petition that he is the unqualified owner, and entitled to the present possession, of certain cattle, sufficiently described in the petition ; that he acquired the ownership of the cattle by a written pledge to secure the payment of

seven hundred and ten dollars, and that he took possession of the property under such writing and the oral assent of the owners. The writing is set out as an exhibit, and is made a part of the petition. It is alleged in the petition that defendants claim the property, and detain it, on the ground that the owners of the property executed four chattel mortgages, one to each of the respective defendants, which cover the property in controversy. Copies of these mortgages are made exhibits to the petition. It is alleged by plaintiff that his lien or claim on the property is prior and paramount to defendants' mortgages, for the reason the property is not sufficiently described to impart notice of the conveyances intended to be made by the instruments. The chattel mortgages were executed and filed for record before the paper upon which plaintiff bases his claim was made. This paper is, in fact, a lease of certain lands to plaintiff from the owners of the property in controversy, containing a declaration to the effect that they "put plaintiff in full possession of all their interest in the cattle, and the increase," with power to lease or sell them, and apply the proceeds upon certain notes held by plaintiff.

II. The instrument is neither a mortgage, nor does it witness an absolute sale. It simply surrenders the possession of the interest of the owners and creates an agency with power of sale. The interest held by the owners was that of mortgagors. Of course the mortgage, if valid, would hold the property, and, as there is nothing in the instrument under which plaintiff claims, showing a purpose to defeat the mortgages, their rights were in no way affected by it. The plaintiff insists that the mortgages are void because of insufficient description of the property covered. One of the mortgages, it cannot be claimed, is subject to this objection: It covers all the property of the mortgagor, which is sufficiently identified by statements as to the locality in which it may be found. It is sufficient to authorize defendant to take and hold the property as against

plaintiff. We need not inquire as to the effect of the other mortgages.

We reach the conclusion that the court below, by sustaining the demurrer, rightly held that the petition shows no right of plaintiff to hold the property as against defendants. AFFIRMED.