(84 N. W. Rep. 760.)

---

## F. W. Reynolds *vs.* Josiah Strong.

Opinion filed April 15, 1901.

**Chattel Mortgage—Validity—Description.**

A chattel mortgage upon the future earnings of a threshing rig, which describes the engine and separator by naming the manufacturers thereof and giving other suitable description of power and size, and names the owner and operator of such rig, and the period when and the county where such future earnings are to accrue, is not void because it omits to state the number of such engine and separator, and the names of the persons against whom such future earnings are to accrue.

N. D. R.—6

Appeal from District Court, Pembina County; *Sauter, J.*

Action by F. W. Reynolds against Josiah Strong. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Coger & Creswell,* for appellant.

Mortgages of the earnings of a threshing machine are not valid. *Minneapolis Machine Co.* v. *Skau,* 10 S. D. 636, 75 N. W. Rep. 199; *Sanwich Mfg. Co.* v. *Robinson,* 49 N. W. Rep. 1031. The description was insufficient in that it did not name the person against whom the earnings were to accrue. *Minneapolis Machine Co.* v. *Skau,* 10 S. D. 636, 75 N. W. Rep. 199. Nor should the mortgage be a dragnet covering the whole county. *Muir* v. *Blake,* 57 Ia. 655, 11 N. W. Rep. 621; *Sykes* v. *Hannawalt,* 5 N. D. 335, 65 N. W. Rep. 683. There is no means pointed out in the mortgage of discovering what the net earnings of the machine may be, or any criterion for measuring the same. Third parties are under no obligation to exhaust every possible means of information in an endeavor to interpret a description. *Speery* v. *Clark,* 76 Ia. 506, 41 N. W. Rep. 203. A principal may be charged upon a written contract entered into by an agent in his own name, within his authority, though the name of the principal does not appear in the instrument and was not disclosed, and the party dealing with the agent supposed that he was acting for himself. *Briggs* v. *Partridge,* 64 N. Y. 357; *Waddill* v. *Sebree,* 88 Va. 1012.

*Burke & Vick,* for respondent.

Future earnings may be mortgaged. §§ 4701, 4705, Rev. Codes. And the owner and operator of the threshing rig may mortgage its future earnings. *Sykes* v. *Hannawalt,* 5 N. D. 335, 65 N. W. Rep. 682; *Sandwich Mfg. Co.* v. *Robinson,* 85 Ia. 569, 89 N. W. Rep. 1051, 14 L. R. A. 126. If the description in the chattel mortgage will enable third persons, aided by inquiries that the instrument suggests, to identfy the property, it is sufficient. 1 Cobbey on Chattel Mortgages, §§ 155, 179; 5 Am. & Eng. Enc. L. 956; Jones on Chattel Mortgages, § 55. The description in the mortgage alone does not identify the party; it only furnishes the means for the identification. *Wilson* v. *Rustad,* 7 N. D. 330; *Union Nat. Bank* v. *Oium,* 3 N. D. 193. It is not necessary that the mortgage should describe the person owing the accounts mortgaged. *Davis* v. *Pitcher,* 65 N. W. Rep. 1005; *Smith* v. *McLean,* 24 Ia. 332; Jones on Chattel Mortgages, § 55, 5 Am. & Eng. Enc. L. 956. Defendant had constructive notice by the filing, and actual personal notice of the mortgage before paying his claim. The filing of the mortgage alone was sufficient notice. §§ 4733, 4734, Rev. Codes; *Hostetter* v. *Brooks,* 4 N. D. 357; *Grand Forks Nat. Bank* v. *Minneapolis & Nor. Elev. Co.,* 6 Dak. 557; *Sykes* v. *Hannawalt,* 5 N. D. 335. And even if the description in the mortgage were so indefinite that the recording thereof did not give constructive notice, nevertheless it was

good as to the defendant, who had actual notice of its existence, and the intent as to the property which it was designed to include. *Plano Mfg. Co.* v. *Griffith,* 75 Ia. 162. The question as to whether the mortgage is against public policy is for the legislature and not for the courts. *Bank* v. *Mann,* 2 N. D. 455, 51 N. W. Rep. 946; *Hostetter* v. *Brooks Elev. Co.,* 4 N. D. 357, 61 N. W. Rep. 49.

YOUNG, J. The single question presented for determination on this appeal is the validity of a certain chattel mortgage upon the future earnings of a threshing rig. Plaintiff is the owner of the mortgage by assignment. The mortgagor did threshing for the defendant during the threshing season of 1899. The amount of his threshing account was $125.50. The plaintiff seeks to recover thereon, and bases his right thereto upon the mortgage in question. The defense attacks the validity of the mortgage, and payment of the account is alleged. The mortgage in question was duly filed in the office of the register of deeds of Pembina county, wherein the threshing rig was situated and operated, and where the above account accrued. In addition, the defendant had actual notice of the existence of the mortgage prior to making payment. The case was tried in the District Court without a jury. Plaintiff prevailed. Defendant appeals, and requests a trial de novo in this court. The evidence upon which the case was submitted in the trial court consisted of a written stipulation of facts, none of which are in dispute, and no further reference to them is necessary. Confessedly, the entire case hinges on the question of the validity of the chattel mortgage. If it is valid, the plaintiff is entitled to recover; otherwise, not. The opinions of the courts as to the validity of mortgages of future earnings are not in harmony. In this jurisdiction, however, the question is settled in favor of the validity of such mortgages. In *Sykes* v. *Hannawalt,* 5 N. D. 335, 65 N. W. Rep. 682, this court held that "it is competent for the owner and operator of a threshing rig' to mortgage the future earnings thereof." In reaching that conclusion the court was largely controlled by the statute authorizing the creation of liens upon after-acquired property. Comp. Laws, § 4328 (Rev. Codes, § 4680). The Iowa rule, also, is that future earnings may be the subject of a valid chattel mortgage. See *Manufacturing Co.* v. *Robinson,* 83 Ia. 567, 49 N. W. Rep. 1031, 14 L. R. A. 126, and note. The contention of defendant in this case is not that such mortgages are invalid because upon after-acquired property, but that this particular mortgage is void "because the description of the subject-matter thereof is vague and uncertain." It is urged that the failure to give the numbers of the engine and separator is a fatal omission, rendering the description of the threshing rig, from the operation of which the earnings mortgaged were to accrue, entirely insufficient. This objection is not well founded. The description in a mortgage is for the purpose of identifying the property, and the sufficiency thereof must be determined by the character of the property sought to be included in the mortgage. It

does not appear that either the engine or the separator had numbers, and that it was possible to so describe them; but, however that may be, they were sufficiently described otherwise. The separator is described as "one Gaar Scott 40x58 separator, complete, Shop No. ——," and the engine as "one Buffalo Pitts 16 H. P. traction portable engine complete, Shop No. ——." The name of the owner and operator is given, and the county of Pembina and state of North Dakota are named as the place where it is to be operated, and where the earnings mortgaged are to accrue. No doubt, the insertion in the mortgage of the numbers of the engine and separator, if they were numbered, would have made the description more certain. But the description given in the mortgage was in itself, in our judgment, entirely sufficient to enable third persons to identify the property, when aided by such inquiries as were suggested by the mortgage itself, and that is all that is required. 5 Am. & Eng. Enc. L. (2d Ed.) 956. As was said by this court in *Bank* v. *Oium*, 3 N. D. 193, 54 N. W. Rep. 1034: "Whenever a description is challenged as insufficient, we are to inquire whether the creditor, after inspecting the instrument, and aided by the inquiries it suggests, could ascertain what property was intended to be mortgaged." As to this mortgage, as we have seen, the data contained in it made certain the ascertainment of the property intended to be covered by it.

It is further contended that the mortgage is void "because the persons against whom the earnings are to accrue" are not named. This contention seemingly has support in the language of the majority opinion in *Manufacturing Co.* v. *Robinson,* supra, and also in *Machine Co.* v. *Skau* (S. D.) 75 N. W. Rep. 199. An examination of these cases, however, discloses that there were other and controlling grounds for the decisions, and we are not entirely satisfied from the language used by the learned courts that they meant to hold that it is essential to the validity of a mortgage upon the future earnings of a threshing rig that the persons against whom they are to accrue should be actually named. However that may be, such is not our view. We have held that future earnings may be mortgaged. It is not possible to state in advance who the persons are who will owe the accounts. To impose such a statement is to require the impossible. As stated by Beck, J., in his dissenting opinion in *Manufacturing Co.* v. *Robinson,* supra, "The opinion defeats the rights of the holder of the mortgage upon a ground which could not have been provided against." The mortgage under consideration specified the threshing outfit from which the mortgaged accounts were to accrue by naming the manufacturers of both the engine and separator. It named the owner and operator of the rig, and designated the period of time when, and the place where, the accounts were to accrue. A more complete description of future earnings does not seem possible, and in this respect we therefore hold the mortgage is not open to the objection made. The mortgage involved in this case differs in many respects from the one considered in

*Sykes* v. *Hannawalt,* 5 N. D. 335, 65 N. W. Rep. 682. That case turned upon the fact that the mortgage had not been filed. It is true, the court in its opinion in that case said that "the following description, to-wit: 'all and singular the earnings of the aforesaid rig,' would not cover the earnings of the men and teams." The language quoted was not necessary to a decision of the question involved in that case. However, it has no application to the case at bar, for there is no controversy as to what the mortgage we are considering covered. Counsel for appellant, in his brief, after reviewing its various provisions, correctly states that it covers "all the threshing accounts, and the whole thereof." The element of uncertainty which may have existed in the Sykes case as to the portion of the threshing accounts mortgaged is not in this case. Judgment affirmed. All concur.