Two claim and delivery actions were, by stipulation, tried together in the district court of Eddy county. The plaintiff claimed certain property under a chattel mortgage, the defendant Dahly, not served, being the mortgagor, and the defendant Bradley being the *Page 311 
assignee or purchaser of the property with notice of the plaintiff's claim. In the lower court the plaintiff had judgment. From this judgment the defendant Bradley appeals to this court. The assignments of error are grouped and may, under the concession of counsel for the appellant, be regarded as submitting but one question for the consideration of this court, namely: the validity of the plaintiff's mortgage. Dahly, in April, 1921, was engaged in the retail meat business in the village of Grace City. To secure a certain promissory note, he executed to the plaintiff a chattel mortgage in which he described himself as a butcher by occupation in Grace City, county of Foster, state of North Dakota, and further, after the description of the note which the mortgage was given to secure, the mortgage described the property covered as "all that certain personal property situated on _____ of section _____ township _____ range _____ in the county of _____ N.D. now in my possession, owned by me and free from all incumbrances to-wit: Personal property of every kind and nature as owned by me. . . . In case of foreclosure of this mortgage, sale shall be held at Grace City, North Dakota."
It is argued that the mortgage is void for failure to describe the specific property intended to be covered and that the defects in the description are patent and can not be supplied by parol evidence. We are of the opinion that the appellant's contentions can not be upheld. The mortgage describes the property intended to be covered as that which was at the time in the possession of the mortgagor, which was owned by him and which was free from incumbrance. It stated his occupation and gave his postoffice and the county in which he lived.
The appellant had actual notice that the property in question was mortgaged to the plaintiff bank and, in addition, he had examined the mortgage filed in the office of the register of deeds. Since he purchased or took the assignment with actual knowledge that the mortgagor was indebted to the bank and that the bank held a mortgage on the property in question as security, we need not determine whether the description used in the mortgage was sufficient to embrace this property as against one having no other knowledge than that gained from the record. It is elementary that a chattel mortgage lien rests upon the contract of the parties and that, as between the parties to the relation, a specific or particular description is not necessary and that the articles intended *Page 312 
to be covered may be shown by parol evidence. It is essential, however, that the parties shall have agreed with a reasonable degree of certainty as to the subject matter to be affected. A description may be insufficient as against third parties and yet sufficient as between the parties to the mortgage and subsequent purchasers with actual knowledge. See Jones, Chat. Mortg. 5th ed., § 55; Hellstrom v. First Guaranty Bank, ante, 166, 45 A.L.R. 1487, 209 N.W. 212. As between the parties, a mortgage of all the personal property of every kind of which the mortgagor is possessed is sufficient to create a lien upon the property in the possession of the mortgagor at the time of the conveyance. Jones, Chat. Mortg. 5th ed. § 54b; Harris v. Allen, 104 N.C. 86,10 S.E. 127; Parker v. Farmers' Loan T. Co. 81 Iowa, 458, 46 N.W. 1004; Streeter v. Johnson, 23 Nev. 194, 44 P. 819.
Judgment affirmed.
CHRISTIANSON, Ch. J., and JOHNSON, NUESSLE, and BURKE, JJ., concur.