THE FIRST GUARANTY BANK, a Corporation, Bismarck, North Dakota, Respondent, v. THE REX THEATRE COMPANY, a Corporation, George V. Halliday, and F. O. Hellstrom, Appellants.

(195 N. W. 564.)

**Chattel mortgages — chattel mortgage on after-acquired property of mortgagors held valid; purchaser of after-acquired property with notice of chattel mortgage cannot attack validity.**

1. A chattel mortgage on property afterwards acquired by the mortgagors is valid and attaches when such property comes into the possession of the mortgagors. Subsequent purchasers, having notice of the mortgage, cannot attack its validity.

**Replevin — not necessary to prove demand for possession of property where defendants claim ownership, and right to possession.**

2. In an action in claim and delivery, to obtain possession of property on which the plaintiff has a mortgage, when the plaintiff is entitled to said possession, it is not necessary to prove a demand for possession when the defendants resist plaintiff's claim on the ground of their own ownership and right to possession, basing their defense on their own right.

---

Note.—(1) Validity of chattel mortgage on after-acquired property. see note in 1 L.R.A.(N.S.) 451; 5 R. C. L. 404; 1 R. C. L. Supp. 1388.

(2) Circumstances making demand for possession of property covered by mortgage unnecessary, see 23 R. C. L. 888; 4 R. C. L. Supp. 1510; 5 R. C. L. Supp. 1249.

(3) Set-off or counterclaim as a defense in action of replevin, see 23 R. C. L. 923; 5 R. C. L. Supp. 1253.

**Set-off and counterclaim — counterclaim of defendants that sheriff took property other than described in complaint for claim and delivery cannot be maintained.**

3. In an action to obtain possession of certain personal property for the purpose of foreclosure, the plaintiff proved its right to the possession of the property described in the complaint, and directed the sheriff to take said property. Defendants counterclaim on the ground that the sheriff took property other than the property described, and, also, that the taking of the property described caused them damage. Held: such counterclaim can not be maintained.

Opinion filed August 13, 1923. Rehearing denied November 9, 1923.

Chattel Mortgages, 11 C. J. § 49 p. 442 n. 65. Recoupment, Set-off and Counterclaim, 34 Cyc. pp. 631 n. 41; 686 n. 58. Replevin, 34 Cyc. p. 1409 n. 22.

From the judgment of the District Court of Burleigh County, *Nuessle,* J., defendants appeal.

Affirmed.

*F. O. Hellstrom* and *Theodore Koffel,* for appellants.

"Also, as to one who deals with a partner in a matter not within the scope of the partnership the presumption is that such person deals with the partner on the latter's private and individual account, notwithstanding, the partnership name is used." Dob v. Halsey, 16 Johns. 34, 8 Am. Dec. 293 and note; 20 R. C. L. 893.

"In the case of a nontrading partnership the presumption nominally is that neither partner has authority to bind the firm by a promissory note. Yet this presumption may be rebutted by proving that such authority was given by the partnership articles, or had been specifically conferred, or that it had been the custom of the partnership to recognize the right of a partner to make such notes to such an extent as would give innocent dealers a right to rely upon the custom." Crosthwait v. Ross, 1 Humph. 23, 34 Am. Dec. 613; 20 R. C. L. 893.

"The reason for this rule is that the borrowing of money and the giving of negotiable paper is not a necessary or an ordinary incident of the business of a nontrading association and it is no hardship on the lender or creditor to require him to look into the authority of the partner proposing to bind his copartners." Snively v. Matheson, 12 Wash. 88, 50 Am. St. Rep. 877, Ann. Cas. 1916A, 201; 20 R. C. L. 893.

"In partnerships of occupation, when one member executes a note in the firm name, the holder must show express or implied authority from the firm to make the note, before a recovery can be had." Smith v. Sloan, 37 Wis. 285; Judge v. Braswell, 13 Bush, 67; Horn v. Newton City Bank, 32 Kan. 518.

"A subsequent bona fide sale of the whole property by the firm, therefore, takes precedence over such sale or incumbrance by a partner of his share, and passes a title unincumbered by it." 17 Am. & Eng. Enc. Law, 986.

"In nontrading partnerships and unincorporated associations the authority of partners to involve each other in financial obligations is much more limited than in trading organizations. While in the latter the authority to borrow money for the real or professed use of the partnership is ordinarily recognized, in the former it is quite as universally denied. According to the great weight of authority, it is not within the power of a nontrading partnership or association to borrow money or make negotiable paper and charge with individual liability partners or members not assenting thereto." 17 Am. & Eng. Enc. Law 993, 994; Schele v. Wagner, 163 Ind. 20, 71 N. E. 127; Snively v. Matheson, 12 Wash. 88, 50 Am. St. Rep. 877, 40 Pac. 628; 1 Ewell's Lindley, Partn. 130; Lee v. Bank, 45 Kan. 8, 11 L.R.A. 238, 25 Pac. 196; Harris v. City, 72 Md. 22, 17 Atl. 1046, 20 Atl. 111, 985, 8 L.R.A. 677, 25 Am. St. Rep. 565; McConnell v. Denver, 35 Cal. 365, 95 Am. Dec. 107; Dowling v. Bank, 145 U. S. 512, 12 Sup. Ct. Rep. 102.

"The fact that the agent signs as such should appear upon the face of the instrument. If the name of the principal does not appear, the mere signing as 'agent,' 'trustee,' or 'president' is regarded as simply descriptive of the person so signing; and he will be held personally liable in support of this doctrine. There is a long list of authorities cited in support of this rule which is so elementary that it would be presumption on our part to burden the court with further citations, the trend of all such decisions to regard signatures of individuals with descriptive words following the signature as, 'Descriptio-personæ.'" 1 Am. & Eng. Enc. Law, 388.

And, under another apparently well-settled rule, no proof of demand was necessary. When the party upon whom it was claimed to have

been necessary to make a demand asserts in the action a claim or right in respect to the subject-matter of the controversy so inconsistent with that of the adverse party as to make it clear that a demand would have been unavailing, none is necessary. Smith v. McLean, 24 Iowa, 322; Davenport v. Ladd, 38 Minn. 545, 38 N. W. 622; Huntsman v. Fish, 36 Minn. 148, 30 N. W. 455; Kellogg v. Olson, 34 Minn. 103, 24 N. W. 364; Newell v. Newell, 34 Miss. 385; Cox v. Delmas, 99 Cal. 104, 33 Pac. 836; Musser v. King, 40 Neb. 892, 59 N. W. 744.

*E. T. Burke* and *Newton, Dullam & Young*, for respondent.

"But a partner may pledge the partnership goods to raise money to pay the debts of the firm, or for any other purpose within the scope of the partnership business, without the concurrence of his copartners." Union Nat. Bank v. Kansas City Bank, 136 U. S. 223, 34 L. ed. 341; Wright v. Bounton, 37 N. H. 9, 72 Am. Dec. 319.

"And it has been held that no partner has authority without even the knowledge of his copartner, to mortgage the whole stock in trade, to secure a particular creditor of the firm." 35 Am. Dec. 374.

BURR, District J.  This is an action in claim and delivery wherein the plaintiff seeks to recover the possession of certain property, for the purpose of the foreclosure of a chattel mortgage thereon, which chattel mortgage, it is claimed, was executed by Rex Theatre Company and Geo. V. Halliday, and contains the usual provisions of immediate possession, power of sale, etc., on default. The complaint further alleges default in payment of the debt secured, the maturity of the debt, election to declare it all due and payable, demand upon the defendants for the possession of the property and their refusal to deliver. An affidavit in claim and delivery was made, the proper undertaking given, and the property taken by the sheriff thereunder. Service of process was made upon the defendants, Rex Theatre Company, a corporation, and F. O. Hellstrom, who answer separately. The company denies it gave the plaintiff a mortgage upon the property described in the complaint; denies the plaintiff has any special property therein; alleges the ownership of the property and the right to the possession thereof in itself; and claims the plaintiff wrongfully converted the property described in the complaint to its damage in the sum of $12,000. It then sets up a counterclaim, alleging that said

property was used in the theatre business and by reason of the taking of this property by the plaintiff it lost good will, credit and standing, lost its business as a theatre and lost the property worth $12,000 and suffered special damages to the extent of $13,000. So it asks the recovery of the property, or its value in the sum of $12,000 and the recovery of the further sum of $13,000 in damages. The defendant, F. O. Hellstrom, files his answer, alleging the property in dispute is the property of Rex Theatre Company, a corporation; that said corporation is entitled to the possession of the property; that the plaintiff is not the owner of the property and has no special property therein. Both defendants deny the execution of any chattel mortgage to the plaintiff. The plaintiff files a reply and so the issues are joined. The jury found the plaintiff was entitled to the property described in the complaint and judgment was entered accordingly. From this judgment the defendants appeal.

To get the proper perspective it is necessary to state some of the facts, shown by the record. In December 1919, Geo. V. Halliday, one of the defendants, formed a partnership with one Geo. D. Mann for the purpose of engaging in the theatre business. The partnership had no furniture, equipment, or fixtures for this business but made arrangements to get money from the plaintiff to buy what was necessary. The business was not established, however, and, later, the partnership was dissolved. Halliday then formed a co-partnership with one Mildred Hellstrom, afterwards known as Mildred Snow, under the trade name of Rex Theatre Company, Limited. Prior to this time, however, and after the dissolution of the partnership with Mr. Mann, the defendant F. O. Hellstrom and the defendant Halliday entered into business arrangements with the plaintiff in order to get money to purchase the necessary fixtures and equipment. Notes aggregating $3,000 were given to the plaintiff by these two defendants, signed by each, thus, Rex Theatre Co. Geo. V. Halliday Mgr., F. O. Hellstrom, and as security for the repayment of this sum defendant Hellstrom gave a second mortgage on some land in Minnesota and the defendant Halliday gave the mortgage in question, signing it George V. Halliday, manager Rex Theatre Company. The mortgage was given on the property described in the complaint, though the property was not yet purchased. The amount of money borrowed, $3,000, was placed to the credit of Rex

Theatre Company on the books of the bank and was used to purchase the property in question. The checks were signed by Geo. V. Halliday and Mildred Hellstrom, in accordance with an arrangement to this effect, made with plaintiff at the time the deal was entered into. The property purchased was the property of the co-partnership of Geo. V. Halliday and Mildred Hellstrom, known as Rex Theatre Company, Limited, and this partnership commenced business about December 21, 1919. The furniture, fixtures and equipment purchased with this borrowed money, were received and placed in position about January 6, 1920, and the Rex Theatre Company, Limited, then began business. On or about November 26, 1920, Rex Theatre Company, a corporation, the other defendant in this case, was organized with the defendants Halliday and Hellstrom and three others as incorporators. Mildred Hellstrom Snow was not a member of this corporation, but the corporation took over the business of the Rex Theatre Company, Limited. Apparently there was no sale of the property made by Rex Theatre Company, Limited, to Rex Theatre Company, a corporation. In the language of Mildred Hellstrom: "Well, not exactly sold, it was turned over. It was incorporated. There was no actual sale." The arrangements for the money were made by Halliday and F. O. Hellstrom. The property was purchased by Halliday and Mildred Hellstrom, in copartnership, and the money turned over to them and drawn out by them to be used to purchase the property. The defendant, Rex Theatre Company, a corporation, afterwards got possession of the property and became the owners thereof.

Defendants attack the mortgage held by the plaintiff. The property, when taken, belonged to Rex Theatre Company, a corporation, whether they got their title by gift or purchase; but a mortgagor may create a lien on property not yet acquired, and this is the situation in this case. True, when the mortgage was executed the mortgagor, Rex Theatre Company, Limited, did not own the property, but bought it with the proceeds of the loan secured by the mortgage, and such mortgage is good. Section 6706 of the Compiled Laws 1913 makes provision for just such a condition. The property was purchased by the copartnership of Halliday and Mildred Hellstrom Snow, and whether Mrs. Snow knew of the execution of the mortgage, in the first place, or afterwards ratified the act is immaterial. The mortgage was

executed before she came into the partnership; she assisted in drawing the checks against the fund secured and with this fund she assisted in buying the property. Geo. V. Halliday was a general partner and what he did, when he signed the mortgage, was necessary to carry on the business for which the partnership was formed. Hence his act binds the partnership. Comp. Laws 1913, § 6403. The mortgage, being a valid mortgage on the property of Rex Theatre Company, Limited, is still a mortgage though the property afterwards came into the hands of Rex Theatre Company, a corporation—one of the defendants herein. The mortgage was signed Rex Theatre Company by Geo. V. Halliday, Mgr. Afterwards Rex Theatre Company, Limited, the copartnership was formed; then Rex Theatre Company, a corporation. The similarity of names cause some confusion, apparently, and the plaintiff in its complaint, after making the corporation a party defendant, says: "Said mortgage being executed by the *said* Rex Theatre Company and Geo. V. Halliday." The complaint does not state whether this is the copartnership, or the corporation, except inferentially. The defendants say, in effect, we never executed the mortgage described, and after alleging we are a corporation, and after making us a party, you allege the mortgage was executed by "said Rex Theatre Company." The plaintiff asked, and obtained leave, to amend the complaint to state the mortgage was given by Rex Theatre Company, a copartnership. Apparently the amended complaint was never served, the amendment not being reduced to writing and the defendants claim the amendment is abandoned. This is not an action to foreclose the mortgage. It is an action to obtain possession of property on which the plaintiff had a mortgage before the property became the property of the Rex Theatre Company, a corporation. The corporation did not sign the mortgage, but that does not affect the case, if the mortgage existed when the corporation got the property. Had the word "said" been omitted and the complaint simply stated the mortgage was executed by Rex Theatre Company and Geo. V. Halliday no amendment would have been necessary. The defendants cannot have been misled. The corporation knew it did not sign the mortgage, but the other defendants knew the copartnership had. Plaintiff had a right to prove its mortgage, even though the plaintiff was confused as to the identity of the Rex Theatre Company, that had signed the mortgage. No amendment

was necessary and therefore it is immaterial whether the amendment was abandoned.

Defendants say the plaintiff did not prove demand and demand is a prerequisite to the maintenance of the action. Demand is not necessary when the defendants claim the property and the right to possession. This is what the answers do. On the trial of the case the defendants contest the case on the merits, basing defense on title in themselves and claiming right of possession as incident thereto. In such case demand is unnecessary. Latta v. Tutton, 122 Cal. 279, 68 Am. St. Rep. 30, 54 Pac. 844; Breitenwischer v. Clough, 111 Mich. 6, 66 Am. St. Rep. 372, 69 N. W. 88.

Defendants allege error on the part of the trial court because they were prevented from proving their counterclaims. They allege the sheriff took property not covered by the mortgage, and that the taking of the property injured their business. This is an action to obtain possession of certain specific property. If the sheriff took property other than the property described in the mortgage that cause of action may be determined in another suit. There is no claim the plaintiff directed him to take property other than the property described in the mortgage, and this is the property the sheriff should take. Taking this property may have prevented defendants from carrying on their business; but this can not be helped if the plaintiff had a right to the possession. The issue is—Is the plaintiff entitled to the possession of the property described in the complaint? Claim and delivery proceedings as a provisional remedy to get possession in advance of trial are merely ancillary. The right to counterclaim depends on statute. The alleged counterclaim is not in contract nor does it arise out of the contract set forth in the complaint. It is not "connected with the subject matter of the action." If the finding was that defendants were entitled to the return of the property then under the rule of McCarty v. Kepreta, 24 N. D. 395, 48 L.R.A.(N.S.) 65, 139 N. W. 992, Ann. Cas. 1915A, 834, counterclaim might lie. But counterclaim for damages in taking possession of property to which the plaintiff is entitled cannot be maintained; and the sheriff was not directed to take any other property. The judgment is merely that plaintiff is entitled to the possession of certain property, describing said property,

and this is the same property as is described in the complaint and in the mortgage.

Defendants' specifications of error number seventy-seven. They deal with the introduction of evidence; the proposed amendment; the counterclaim; and instructions. The trial court kept strictly to the issue involved—is the plaintiff entitled to the possession of the property described in the complaint? Hence its rulings and instructions regarding demand, counterclaim, and nonexecution of the mortgage by the corporation were in point. We have examined them carefully and see no error that is prejudicial to the interests of the defendants. As is usual in the trial of cases many facts are undisputed and many more are conceded. The whole case turned on the proposition—did the plaintiff have a mortgage on the property described? That was the only issue of importance. We find no prejudicial error shown. The judgment of the lower court is affirmed.

BIRDZELL and JOHNSON, JJ., concur.

BRONSON, Ch. J., concurs in result.

Justices CHRISTIANSON and NUESSLE did not participate, Honorable A. G. BURR, Judge of Second Judicial District, sitting in their stead.