### WINTERS v. MUNICIPAL CAPITAL CORPORATION.

### In re TEXTILE BAR & GRILL.
#### No. 8529.

District Court, E. D. New York.
Feb. 15, 1939.

Morris M. Marcus, of New York City, for plaintiff.

Irving Cyruli, of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge.

This is an action brought by the Trustee in bankruptcy in Equity to set aside an alleged fraudulent transfer of property claimed to have been made by the bankrupt to the defendant in violation of Sections 67e and 70e of the Bankruptcy Act, 11 U.S.C.A. §§ 107(e), 110(e), and under Article 10 of the Debtor and Creditor Law of the State of New York (Consol.Laws, c. 12).

The first cause of action, in substance, alleges that by reason of the failure of the defendant to file the Chattel Mortgage given to the defendant by the bankrupt in the Borough of Brooklyn, City of New York, the residence of the Mortgagor, the said Mortgage was invalid under the provisions of Section 232 of the Lien Law of the State of New York (Consol.Laws, c. 33) and that, therefore, all proceedings in connection with the alleged foreclosure of the said Chattel Mortgage, at the time when the bankrupt was hopelessly insolvent, was fraudulent as to creditors of the bankrupt, to the extent of the value of the property, and that the Trustee is entitled to the return of the value of said property.

The second cause of action alleges similar facts and in addition claims that the said Chattel Mortgage is void as provided by Article 10 of the Debtor and Creditor Law of the State of New York.

The third cause of action alleges that after the defendant obtained the property, pursuant to a fraudulent sale, the defendant immediately conveyed the same to the Needle & Thread Bar & Grill, Inc., for a consideration of $3,000 and, therefore, was unjustly enriched to the extent of $1,797.50.

The defendant has answered denying the material allegations of the plaintiff's three causes of action, and. setting forth as an affirmative defense, that the Mortgage was validly filed.

From the evidence in this case, it appears that an Involuntary Petition in Bankruptcy was filed against the bankrupt on February 4th, 1937, in the United States District Court for the Southern District of New York, that an adjudication was had on May 13th, 1937, and the matter referred to Hon. Harold P. Coffin, Referee in Bankruptcy, in charge of the said proceedings; that the plaintiff duly qualified on June 16th, 1937, by filing a bond in the sum of $200 as required by the order of his appointment and is now acting as such Trustee; that heretofore, and on the 22nd day of September 1936, the bankrupt executed a Chattel Mortgage to the defendant which was filed only in the Borough of Manhattan, City of New York where the property was located, the bankrupt having maintained a Restaurant, Bar and Grill at 34 White Street, New York, N. Y.

The consideration for the said Chattel Mortgage as stated therein, was the sum of $1300 which was paid by the defendant to the bankrupt in two checks, one of $1200 and one of $100 and that the check for $1200 was used to pay the amount required by the State Liquor License Authority for a license fee for issuing to the defendant a liquor license for the conduct of his business at 34 White Street, aforesaid, and the check for $100 being used by the bankrupt for his own purposes.

In the Chattel Mortgage the bankrupt was described as of the address, aforesaid, and at the time and after the bankrupt made his application for loan to the defendant, an examination was made on

its behalf by Mr. Charles Cohn, one of its representatives, who saw the bankrupt at his place of business and was taken by him through the several floors and found on the upper floor, a room in which there was a cot, and clothes hanging on the wall, which the bankrupt said were his. The bankrupt, in response to Mr. Cohn's question "whether he lived there", replied that he did, that he slept on the cot.

The bankrupt then helped Mr. Cohn prepare an inventory of the chattels, fixtures and articles of personal property. The defendant thereafter approved the loan and the bankrupt executed notes in the sum of $1300, as well as a Chattel Mortgage for that amount. He read the notes and Chattel Mortgage very carefully, before signing the same, and asked questions about different provisions therein, after which he signed the papers and was given the two checks as aforesaid.

In the Chattel Mortgage, so given, the bankrupt stated he is "of 34 White Street, Borough of Manhattan, City of New York". It, therefore, appears that the defendant believed from the information received by Mr. Cohn, and from the Chattel Mortgage itself, that the bankrupt resided in the County of New York, and conducted business in the County of New York and, therefore, a duly conformed copy of the Mortgage was filed only in the office of the Register of the County of New York.

The Chattel Mortgage in question called for weekly payments, and the bankrupt from the very beginning was very late in making his payments. The last payment made by him was on October 21st, 1936, and he made no further payments. The defendant endeavored, in its regular way, to secure payment from the bankrupt, but was unsuccessful and turned the Mortgage over to a duly licensed Auctioneer of 66 Court Street, Brooklyn, N. Y., to sell the same under the terms of the Mortgage.

Notice of this sale was given to the bankrupt, and although the bankrupt testified that he was told not to be there, he was present at the sale, which was held on November 7th, 1936, at 11:15 o'clock A. M., at the Mortgaged premises.

The sale was also advertised in Trade Journal published on the morning of the sale. The property was offered for sale, there were several people present and the defendant being the highest bidder, purchased the articles listed in the Mortgage for the sum of $100 that being the highest sum bid, and received an Auctioneer's Bill of Sale, and paid the Auctioneer's Bill for its services.

Several days thereafter the defendant sold the property, so purchased, to the Needle & Thread Bar & Grill, Inc., for the sum of $300 and on November 10th, 1936, credited the bankrupt with said amount, which left a balance of $914.50 due and payable from the Mortgagor to the defendant, a deficiency by reason of said foreclosure, and at the close of the fiscal year, the defendant marked off the said sum of $914.50 as a bad debt.

Under the law, it was required, that the Mortgage should be filed not only in the County where the property was located, but also that in which the Mortgagor resides.

█ In addition to the testimony of Mr. Cohn, we have the Mortgage itself, which refers to the bankrupt as "of 34 White Street, Borough of Manhattan, City of New York". The word "of" means residing. Lachaise v. Marks, N. Y., 4 E.D. Smith 610, 616.

All the surrounding circumstances tend to show that the bankrupt did reside at the address given in the Mortgage, notwithstanding, he says he had a residence in the County of Kings.

█ The filing in New York County alone was sufficient.

█ While under ordinary circumstances a notice by advertisement should have been given earlier than the day of the sale, that is not sufficient, standing alone, under all the circumstances in this case, to set aside the sale, because the bankrupt was present, at the sale, and registered no objection.

I am convinced that the value of the articles covered by the Chattel Mortgage was very small and that the Good Will of a going concern played a large part in inducing the defendant to make the loan. The property was not worth the amount contended for by the plaintiff and his experts, and I am convinced that the defendant did sell the property shortly after it was purchased to the Needle & Thread Bar & Grill, Inc., for the sum of $300 and not for a larger amount.

The evidence offered to show any fraud, conspiracy or collusion on the part of the defendant with the Needle &

Thread Bar & Grill, Inc., is not sufficient to sustain such accusation.

█ There can be no presumption of fraud, it must be proven.

The plaintiff has failed to sustain its complaint or any of the causes of action therein contained by a fair preponderance of the evidence.

A decree may be entered in favor of the defendant, dismissing the complaint, but without costs.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion, for the assistance of the Court, as provided by the Rules of Civil Procedure, and the Rules of this Court.